THE WALTER CABINET COMPANY, Plaintiff in Error, *vs.*
SAMUEL A. RUSSELL *et al.* Defendants in Error.

*Opinion filed June 20, 1911.*

1. PRACTICE—*when filing affidavit and claim of set-off in the
municipal court is unauthorized.* Under the rules of the municipal
court of Chicago a defendant in a case of the fourth class must
file his affidavit and claim of set-off with his appearance unless the
court extends the time for filing it, and if he files the affidavit
and claim without complying with the rule, neither the court·nor
the plaintiff is required to notice them in any way.

2. SAME—*when plaintiff in municipal court is not in default for
want of affidavit of merits of defense.* Under the rules of the mu-
nicipal court of Chicago a plaintiff is required to file an affidavit
of merits of defense to a claim of set-off within such time as the
court may order, and he is therefore not in default for want of
such affidavit before the court has made an order fixing the time
for filing it.

3. SAME—*effect of denial of a motion to strike claim of set-off
from files.* The denial of a motion by the plaintiff to strike de-
fendant's affidavit and claim of set-off from the files because they
were not filed with his appearance or by any leave of court is
equivalent to an order then made extending the time for filing
such affidavit and claim and is within the discretion of the court.

4. SAME—*court has no power to enter judgment without hear-
ing because party is in contempt.* There is no statute authorizing
a court, because a plaintiff has refused to obey an order to produce
books, to strike his pleadings from the files and enter a judgment
for the defendant for the full amount of his claim of set-off with-
out any proof whatever.

5. CONSTITUTIONAL LAW—*constitution requires inquiry before
judgment.* The constitutional guaranty of due process of law,
without which no person may be deprived of his property, requires
inquiry before judgment and hearing before condemnation; and
while the contumacy of a party in disobeying an order of the court
may justify his punishment for contempt, it does not justify de-
priving him of his civil rights or taking his property and giving
it to another.

6. EVIDENCE—*purpose of section 9 of Evidence act, concerning
order to produce books and papers.* Section 9 of the Evidence act,
authorizing a court to enter orders to produce books and writings
in a party's possession, provides a summary way of obtaining
written evidence pertinent to the issue, but such power cannot be

used to procure a general investigation of the accounts or business of a party or of any transaction not material to the issue.

7. SAME—*when an order requiring plaintiff to produce books is unauthorized.* An order requiring the plaintiff in a fourth-class case in the municipal court of Chicago to produce certain books and writings is unauthorized, where the evidence contained therein is pertinent only as to the defendant's claim of set-off, which at the time was not an issue in the case because the affidavit and claim, having been filed without leave and without authority of law, could not lawfully be considered by the court.

8. SAME—*court cannot create any presumption of fact where party refuses to produce books.* It is the province of the legislature to prescribe rules of evidence, and it is not within the power of the court, in the absence of any statute, to create a presumption of fact that the books which a party refuses to produce would, if produced, present evidence against him, and on the strength of such presumption strike his pleadings from the files and enter judgment for the opposite party's claim without any proof.

9. COURTS—*issues in the municipal court cannot be enlarged by oral claims or affidavits.* While the Municipal Court act has abolished formal pleadings in fourth-class cases, still the law requires the filing of statements of claim and of set-off for the purpose of forming an issue, to which the parties are to be confined in their evidence and which cannot be changed by oral claims or affidavits.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

MOSES, ROSENTHAL & KENNEDY, (WALTER BACHRACH, and E. D. WALLACE, of counsel,) for plaintiff in error.

EARL J. WALKER, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiff in error sued the defendants in error in a case of the fourth class in the municipal court of Chicago upon an attachment bond. The appearances of the defendants were entered on December 2, 1910, and an extension of time for filing an affidavit of merits was granted to them. On December 9, without any leave of court, the

defendant in error Russell filed a statement of set-off and affidavit, but no order was then or afterward made in regard to the plaintiff's affidavit of merits of defense and no such affidavit of merits was filed by the plaintiff. The statement of set-off claimed $375 from the plaintiff "for commission on goods sold for the plaintiff by the said defendant." On December 12, upon the motion of defendant in error Russell, an order was made, over the objection of the plaintiff in error, requiring it to produce on December 19, 1910, for the defendant's inspection and examination, all books, papers and memoranda showing orders and sales of furniture cabinets of the plaintiff in that part of the United States between St. Paul, Minnesota, and Galveston, Texas, west of Lake Michigan and east of Colorado. On December 16 the plaintiff in error moved to strike from the files the statement and affidavit of set-off because they were not filed with the defendant's appearance and no leave was given to file them. This motion was denied. On December 23 defendant in error Russell moved to strike from the files the plaintiff's statement of claim and to render judgment in favor of the defendant for the amount of his set-off. In support of his motion he read to the court affidavits showing that the plaintiff in error had failed and refused to comply with the order of December 12 in regard to the production of books and papers and did not intend to comply with that order, and the plaintiff in error, by its counsel, stated that the order would not be complied with. The court sustained the motion, the plaintiff's statement of claim was stricken from the files, and judgment was entered against the plaintiff, in favor of the defendant Russell, for the amount of his set-off, $375, and costs, and in favor of the defendant the American Surety Company for costs. A writ of error to review this record was sued out of this court, and it is urged that the order of December 12 and the judgment of December 23 were beyond the constitutional power of the court.

The filing of a statement of set-off by a defendant sued in the municipal court is governed by rule 18 of that court, which provides that in cases of the fourth class such statement shall be filed with the defendant's appearance, provided that the court may extend the time for filing it. The same rule provides that the plaintiff shall be required to file an affidavit of merits of defense to a set-off within such time as the court may order. A plaintiff cannot, therefore, be in default for want of an affidavit of merits of defense until the court has made an order fixing the time within which the affidavit must be filed. Still less ground is there for holding the plaintiff in default where the defendant's statement of set-off has been filed after the time limited by the rule and without leave of the court. After the expiration of the rule the defendant had no right to plead without special leave of the court, and neither the court nor the plaintiff was required to recognize in any way the statement of claim thus placed among the papers in the cause without authority of law. *Robb* v. *Bostwick,* 4 Scam. 115; *Flanders* v. *Whittaker,* 13 Ill. 707; *Davis* v. *Lang,* 153 id. 175.

Section 9 of chapter 51 of the Revised Statutes provides that the courts may require parties to produce books or writings in their possession which contain evidence pertinent to the issue. The object of this section is to furnish litigants a summary means of obtaining written evidence pertinent to the issues in a cause which may be in the possession of the opposite party. It serves the purpose, in a more speedy and summary way, intended to be accomplished by a bill of discovery in some cases or a subpœna *duces tecum* in others. It cannot be used to procure a general investigation of the accounts or business of a party or of any transaction not material to the issue. At the time the order for the production of books and papers was made in this case the only issue was upon the plaintiff's claim upon the attachment bond, as to which there is no claim that there was any evidence in the books. The statement

of set-off had been filed without authority of law, no leave
was then asked to file it, the plaintiff was under no obliga-
tion to answer it, and in that condition of the record it
should have been disregarded by the court upon the hear-
ing of the motion to require the production of books. Had
the court, however, then given leave to file the statement,
the order to produce the plaintiff's books would still have
been improper. The claim presented by the statement was
for commissions on sales made by the defendant Russell
for the plaintiff. The order was for the production of all
books, invoices, memoranda and writings showing orders
and sales of furniture cabinets of the plaintiff within the
territory described. It called for a general exposition of
all the plaintiff's business throughout that territory, of all
sales of the plaintiff's articles, and was not limited to the
issue of sales made by Russell. Such an order cannot be
justified as pertinent to the defendant's claim even if such
claim were to be considered as properly in the case.

It is urged that the affidavit of Russell read in support
of the motion set forth a contract giving him the exclusive
right to sell furniture in the territory named, by which
he was entitled to a commission on all accepted orders,
whether from himself direct or by mail from the described
territory. This affidavit, however, did not make the issue
and was no evidence of the issue. In fact, it was no part
of the record except as it was made so by including it in
a bill of exceptions or stenographic report. The object of
the rules requiring statements of claim and of set-off is to
inform the parties of the nature of the respective claims,
and while the formalities of pleading have been abolished
by statute, it is still the law in the municipal court, as in
other courts, that a party is limited, in his evidence, to the
claim he has made; that he cannot make one claim in
his statement and recover upon proof of another without
amendment. The issue is made by the statement of claim,
and the evidence must be limited by that statement. The

issue cannot be enlarged by oral claims or affidavits filed in the case.

It is not intended to hold that the action of the court in denying the motion of the plaintiff in error, on December .16, to strike the statement of set-off from the files was erroneous. The denial of this motion was equivalent to an order then made extending the time for filing the statement, and was within the discretion of the court. But on December 12 no such order had been made, and nothing appears in the record to show that the statement of set-off had then ever been recognized or brought to the attention of the plaintiff or the court.

The order striking from the files the plaintiff's statement of claim and entering judgment against it, without any proof whatever, for the full amount of the defendant's claim was without authority of law. The constitutional guaranty of due process of law, without which no person may be deprived of his property, requires inquiry before judgment, hearing before condemnation. The contumacy of a party in disobeying the order of a court may justify his punishment for contempt, but not the deprivation of his civil rights or the taking of his property and giving it to another. The judgment here, though purporting to be a judicial determination of the rights of the parties, is, in fact, only an arbitrary declaration of the judge having no reference to such rights. The plaintiff in error, so far as the set-off of the defendant in error Russell was concerned, occupied the position of a defendant, and it is a principle of fundamental justice that, however plenary may be the power to punish for contempt, no court, having obtained jurisdiction of a defendant, may refuse to allow him to answer, refuse to consider his evidence and condemn him without a hearing because he is in contempt of court. *Hovey* v. *Elliott,* 167 U. S. 409; *Windsor* v. *McVeigh,* 93 id. 277; *McVeigh* v. *United States,* 11 Wall. 259; *Gordon* v. *Gordon,* 141 Ill. 160; *Meacham* v. *Bear Valley Irrigation*

*Co.* 145 Cal. 606; *Foley* v. *Foley,* 120 id. 33; *Greig* v. *Ware,* 25 Col. 184; *Trough* v. *Trough,* 59 W. Va. 464; *Pell* v. *Pell,* 50 Iowa, 521; *Haldine* v. *Eckford,* L. R. 7 Eq. 425.

It is argued on behalf of the defendants in error that the action of the court may be justified by "the undoubted right of the court to create a presumption of fact that the books, if produced, would present evidence against the plaintiff." The trouble with this argument is that there is no such right. The court administers the laws; it is the province of the legislature to make them. The legislature may prescribe rules of evidence and change them. (*People* v. *McBride,* 234 Ill. 146; *Waugh* v. *Glos,* 246 id. 604; *Pittsfield and Florence Plankroad Co.* v. *Harrison,* 16 id. 81.) In those States where the striking of a party's pleadings from the files and the entry of a judgment by default upon the failure of such party to comply with an order for the production of evidence have been sustained, such action has been authorized by an express statute. Such statutes, if within the power of the legislature, find their sanction, as stated by the Supreme Court of the United States in *Hammond Packing Co.* v. *Arkansas,* 212 U. S. 321, in "the undoubted right of the law-making power to create a presumption of fact as to the bad faith and untruth of an answer to be gotten from the suppression or failure to produce the proof ordered, when such proof concerned the rightful decision of the cause." Our statute contains no provision for the striking of pleadings, the creation of a presumption, or the entry of judgment upon a failure to produce the evidence required by an order of court. The parties are left to the remedies existing in the absence of a statute.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*