**Ruth Donaldson, Defendant in Error, v. Wellington Hotel Company, Plaintiff in Error.**

**Gen. No. 17,671.**

1. INNKEEPERS—*when baggage not converted.* A guest left her trunk at a hotel as security for debt and on returning to pay a compromise offer was mistakenly informed in good faith that the trunk was sold. The guest did not demand the property or tender the sum due and brought an action for conversion of the trunk and its contents, which were produced at the trial and tendered to plaintiff on condition that she pay the charges. *Held,* as there was no proof of plaintiff's right to possession of the property at the time suit was commenced, there was no conversion, actual or constructive, and the action could not be maintained.

2. ESTOPPEL—*statements made by mistake.* Where a guest leaves a trunk at a hotel as security for a bill and on returning to pay the bill is, through mistake, informed that it has been sold, there is no estoppel by conduct precluding the hotel company from proving in an action for conversion that the trunk had not been sold.

Error to the Municipal Court of Chicago; the Hon. ARTHUR W. DESELM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed with finding of fact. Opinion filed December 17, 1912.

GORHAM & WALES, for plaintiff in error.

RUDOLF FRANKENSTEIN, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

For convenience the parties herein will be referred to by the titles used in the trial court.

Plaintiff had been a guest at defendant's hotel. She owed $22 for her accommodations and left her trunk there as security. About three months afterward in a telephone conversation with defendant's clerk, she was told that she could adjust her bill for the sum of $12 and have her trunk. A few days later, with the purpose of paying the same, she again called up the hotel and was then informed that the trunk had been sold. This information was given in good faith, but proved to be a mistake. She then brought an action for conversion of the trunk and its contents. Defendant pleaded its statutory lien and right to hold the property until its charges were paid. The trunk and contents were produced at the trial and there tendered to plaintiff on condition that she pay such charges. She had never paid nor tendered them. The court's finding and judgment was for plaintiff in the sum of $175.

It is apparent that under this statement of facts there was no conversion, actual or constructive, and, therefore, no basis for an action therefor. Presum-

ably, misled by the information that the property had been sold, plaintiff brought the suit on the theory that she had not received due notice of the sale. But the facts were different. There had been no sale, and her bill remaining unpaid defendant still had the right to hold such baggage. It had exercised no wrongful dominion over the property that could be construed into a conversion, and had not waived its lien. Plaintiff made no demand for the property and no tender of the sum due. There was no proof of what was essential to her action,— her right to possession of the property at the time it was commenced. Dawes v. Rosenbaum, 179 Ill. 112; Union Stock Yard & Transit Co. v. Mallory, Son & Zimmerman Co., 157 Ill. 554; Owens v. Weedman, 82 Ill. 409.

The misrepresentation that the trunk had been sold was made under mistake in the belief that the property had shortly previous been sold at auction with other property, but a search revealed the mistake. Under such circumstances there was no estoppel by conduct. Wright v. Stice, 173 Ill. 571; Reiss v. Hanchett, 141 Ill. 419. The finding of the court was contrary to the evidence and the law. The judgment, therefore, will be reversed with a finding that defendant is not guilty of conversion as charged in the statement of claim, to the issues raised by which the plaintiff was confined. Walter Cabinet Co. v. Russell, 250 Ill. 416.

*Reversed with finding of fact.*