## Huntley Dairy Company, Defendant in Error, v. Joseph Short and Mollie Short, Plaintiffs in Error.

### Gen. No. 18,169.

1. ACCOUNT STATED—*directing verdict on.* Where plaintiff's proof tends to show that statements of account were rendered to defendant, no objection was made thereto, and that defendant promised to pay, and defendant offers no testimony in opposition, the court may direct a verdict upon an account stated.

2. PRACTICE—*prima facie case not overcome.* Where the plaintiff makes out a *prima facie* case and no testimony is introduced by defendant, the court is justified in directing a verdict for plaintiff.

3. CONSTITUTIONAL LAW—*due process.* Where defendant files an affidavit of merits which is not stricken from the files, but offers no testimony after plaintiff has made out a *prima facie* case, a directed verdict for plaintiff is not a violation of defendant's constitutional right to "due process of law."

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed March 25, 1913.

MICHAEL P. MORRISSEY, for plaintiffs in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

Suit was brought by the defendant in error as plaintiff against the plaintiffs in error, Joseph Short and Mollie Short, as defendants, for an alleged balance due for milk. From the amended statement of claim it would appear that the plaintiff relied upon an account stated. There was proof on the part of the plaintiff tending to show that statements had been rendered; that no objection had been made to the same, and that the defendants had promised to pay. The case was tried before the court and a jury. No testimony was offered by the defendants. Thereupon the court di-

rected a verdict for the plaintiff. An affidavit of defense was filed, sworn to by Joseph Short for both defendants. It was to the effect that plaintiff did not sell and deliver to the defendants at defendants' request the milk and cream as set out in an exhibit attached to the original statement of claim, and that the plaintiff never at any time "stated an account with defendants for $85.80 or any other sum, and defendants never at any time promised to pay plaintiff $85.80 or any other sum."

The reasons urged as grounds for a reversal of the case seem to be based upon the proposition that a default was entered against the defendants, and that the affidavit of defense not having been stricken from the files, the defendants were denied the "constitutional guaranty of due process of law." We do not so understand the situation. No default was entered. The record shows a trial before a jury, the testimony of one witness for the plaintiff, and no conflicting testimony. We think the plaintiff made out a *prima facie* case, and no testimony having been introduced by the defendants the court was justified in directing a verdict for the plaintiff. The case is entirely different from that of Walter Cabinet Co. v. Russell, 250 Ill. 416, cited by the defendants.

The judgment will be affirmed.

*Affirmed*