## Assets Adjustment Company, Defendant in Error, v. Atkinson, Mentzer & Grover, Plaintiff in Error.

### Gen. No. 18,206.

1. MUNICIPAL COURT—*default.* In a fourth class action in the Municipal Court, where plaintiff has filed a statement of claim and defendant an affidavit of merits, it is error to enter judgment on the statement of claim as by default upon defendant's failure to answer interrogatories filed by plaintiff within ten days, since the court has no such power as rule 9½ attempts to confer.

2. MUNICIPAL COURT—*rules.* Section 20 of the Municipal Court Act does not give the court power to adopt a rule whereby a party's pleadings may be stricken from the files and judgment entered by default upon his failure to comply with an order for the production of evidence.

3. CONSTITUTIONAL LAW—*due process of law.* The constitutional guaranty of due process of law, without which no person may be deprived of his property requires inquiry before judgment, hearing before condemnation.

4. MUNICIPAL COURT—*right to be heard on the issues.* Where defendant puts a statement of claim at issue by an affidavit of defense he cannot be deprived of his right to be heard on the issues thus presented merely because of contumacy in disobeying an order that does not directly relate to such pleadings or the settlement of issues thereby raised.

Error to the Municipal Court of Chicago; the Hon. THOMAS F. SCULLY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded. Opinion filed May 9, 1913.

GUERIN, GALLAGHER & BARRETT and JAMES M. GWIN, for plaintiff in error.

JULIAN C. RYER, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

This was a case of the fourth class in the Municipal Court in which, after plaintiff had filed its statement of claim and defendant its affidavit of merits, the latter was ruled, under section 32 of the Municipal Court Act, to answer within ten days interrogatories filed by the former. On failure to comply with said rule, the court entered judgment on plaintiff's statement of claim as by default, and such action is assigned as error.

Defendant in error cites Rule 9½ of said court in justification of. such proceeding. It provides that on default of defendant to comply with the rule to answer plaintiff's interrogatories, the court may strike the affidavit of defense from the files and enter judgment on the statement of claim.

The record does not show that the affidavit of defense was stricken from the files. But, whether it was or not, in either case the same principle is involved as that discussed in *Walter Cabinet Co. v. Russell*, 250 Ill. 416. In that case Russell filed a set-off and obtained a rule on plaintiff to produce certain books. Plaintiff refusing to do so, its statement of claim was stricken from the files and judgment was entered on the set-off. In that case and this a party was denied a hearing on the merits of its case after the same was put at issue in the manner required by the statute and the rules of court, the only difference being that in the case at bar the proceeding was sanctioned by a rule of court. In the *Russell* case, *supra,* the court held that it was only where the statute expressly author-

ized such a proceeding that the court could strike a party's pleadings from the files and enter judgment by default upon his failure to comply with an order for the production of evidence, and stated that our statute contains no such provisions.

But it is urged here that because the judges of the Municipal Court have the power, under section 20 of the Municipal Court Act, to adopt such rules regulating the practice in that court as they may deem necessary and expedient for the proper administration of justice therein, providing that no such rule shall be inconsistent with those specially provided for in the act, that the rule in question has the force of a statute.

The difficulty with the contention is that said rule is inconsistent with another provision of the act and ignores the substantive right of every litigant to have a judicial determination of his rights, when properly put in issue, by "inquiry before judgment, hearing before condemnation." In the *Russell* case *supra,* the court said: "The constitutional guaranty of due process of law, without which no person may be deprived of his property, requires inquiry before judgment, hearing before condemnation. The contumacy of a party in disobeying the order of a court may justify his punishment for contempt, but not the deprivation of his civil rights or the taking of his property and giving it to another. The judgment here, though purporting to be a judicial determination of the rights of the parties, is, in fact, only an arbitrary declaration of the judge having no reference to such rights. * * * and it is a principle of fundamental justice that, however plenary may be the power to punish for contempt, no court, having obtained jurisdiction of a defendant, may refuse to allow him to answer, refuse to consider his evidence and condemn him without a hearing because he is in contempt of court."

Section 40 of the Municipal Court Act provides that in cases of the fourth class "the Municipal court may

adopt such rules and regulations as it may seem necessary to enable the parties, in advance of the trial, to ascertain the nature of the plaintiff's claim or claims, or of defendant's defense or defenses." The act manifestly contemplates that the issues in a case shall be be presented in some form, and, in recognition thereof, the Municipal Court has passed rules under which a a defendant puts a statement of claim at issue by an affidavit of defense, and he cannot be deprived of his right to be heard on the issues thus presented merely because of contumacy in disobeying an order that does not directly relate to such pleadings or the settlement of issues thereby raised.

Under section 32 aforesaid, the court may unquestionably require an answer to proper interrogatories, but there is nothing in the act which gives the court the power on a failure to comply with a rule to answer them, to declare the contumacious party in default on the issues of the case. Without such power, to enter judgment merely for such default, would be, as said in the *Russell* case, *supra,* "an arbitrary declaration of the judge having no reference to the rights of the parties." The court has no such power as Rule $9\frac{1}{2}$ attempts to confer, and the exercise of it in the case at bar was error, for which the judgment will be reversed and the cause remanded.

*Reversed and remanded.*