(No. 21917.—

RUSSELL FIREBAUGH, Appellant, *vs.* JOHN TRAFF *et al.* Appellees.

*Opinion filed June 22, 1933.*

John A. Blake, and Arthur Abraham, for appellant.

A. S. & E. W. Froehlich, for appellees.

Mr. Chief Justice Orr delivered the opinion of the court:

Russell Firebaugh was adjudged guilty of contempt by the superior court of Cook county for failure to produce certain records before a master in chancery in compliance with a *subpœna duces tecum*. The alleged contempt occurred during a foreclosure proceeding instituted by Firebaugh as trustee under a certain deed of trust given to appellees, John Traff and wife, in February, 1928, to secure a bond issue of $160,000. From the order adjudging him guilty of contempt and ordering him committed to jail for twenty days Firebaugh has appealed directly to this court on grounds raised in the trial court that his constitutional rights against unreasonable search and seizure were violated. The sole question is whether Firebaugh, the appellant, by reason of his constitutional rights was justified in refusing to comply with the order to produce the records.

We shall not consider the merits of this case or the pleadings except where necessary to decide the issue involved. The principal controversy which resulted in the issuance of the *subpœna duces tecum* arose over the fact that the appellant would not produce the names and addresses

of the holders and owners of bonds secured by the trust deed under foreclosure. He was not only trustee under the trust deed but was also president and principal owner of the bond and mortgage company which issued and sold the bonds. By the answer and cross-bill filed by the appellees it was charged that the appellant utilized his dual position with the object of personal aggrandizement, conducting foreclosures, creating bond holders' committees, collecting moneys on certain bonds in preference to those owned by other bond holders, and with other irregularities. It was averred that by his position the appellant rendered it impossible for the owner of the equity in mortgaged property to communicate with the bond holders for their mutual benefit. On the other hand, it was contended by the appellant that the effort made by the appellees to secure a list of names and addresses of the bond holders was only for the purpose of stirring up dissatisfaction and apprehension; that the names of the bond holders, if furnished, would have no bearing upon any of the issues in the foreclosure case, as they were not necessary parties thereto; that the records sought to be produced before the master in chancery were not pertinent or material to the issues; that the list of names of bond holders was valuable property, collected at large expense of time and money and containing the names and addresses of past and future customers and of great value to the appellant and his company, who were engaged in underwriting and selling bond issues to investors, and that the value of such property would be greatly impaired, if not destroyed, should the list become public or reach competitors.

After a review of the record we are of the opinion that the contentions of the appellant were well founded. While courts have inherent power to order the production of books and papers, yet it is required that such order in all cases shall be a reasonable one. The constitutional protection is against unreasonable searches and seizures. (*Hale* v. *Henkel,*

201 U. S. 43.) It has been uniformly held that before an order can be entered for the production of books or writings by one of the parties there must be good and sufficient cause shown that the evidence sought to be obtained is pertinent to the issues in the case. (*Carden* v. *Ensminger,* 329 Ill. 612.) The court may compel the production of records to be issued as evidence in the trial upon proper showing that they contain entries tending to prove the issues, but no right is given to compel the submission of records to a general inspection and examination, for fishing purposes or with the view of finding evidence to be used in other suits or prosecutions. (*Lester* v. *People,* 150 Ill. 408.) Such an order cannot be used to procure a general investigation of a transaction not material to the issue. (*Walter Cabinet Co.* v. *Russell,* 250 Ill. 416.) If the party against whom the order is made wishes to contest its validity he may refuse to obey and defend in a contempt proceeding by showing that the court had no authority to make the order. Where the construction of a constitutional provision is involved in such an order an appeal lies directly to this court. *Denison Cotton Co.* v. *Schermerhorn,* 257 Ill. 128.

As the bond holders were not necessary or proper parties to the foreclosure proceeding, it follows that the order commanding the appellant to produce the records containing their names was a violation of his constitutional rights. Those names were not material to prove any allegation of the cross-bill, under which the master was proceeding to take testimony. The order requiring the production of the records was therefore invalid, and the appellant was not in contempt of court for his failure to comply with it.

The order of the superior court is therefore reversed.

*Order reversed.*