(No. 28174.— ▮▮▮▮▮▮▮▮▮
HARRY C. BOETTCHER, Appellee, *vs.* THE HOWARD ENGRAVING COMPANY *et al.,* Appellants.

*Opinion filed January 17, 1945.*

G. A. BURESH, of Chicago, for appellants.

JOSEPH Z. WILLNER, of Chicago, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiff, Harry C. Boettcher, on November 6, 1941, filed his complaint in the superior court of Cook county in which the Howard Engraving Company, a corporation, Flora M. Gaebel and C. F. Johnson were named as defendants. February 9, 1943, an amended complaint was filed and a motion of defendants to strike denied and time given to answer. Summons was issued against Johnson but was never served, and no appearance or answer was filed by this defendant. The amended complaint is in the alternative, and asks for damages for breach of contract at law, and for rescission of the contract and reconveyance of certain real estate, in equity. The complaint is long and

voluminous but, very briefly, it charges that the plaintiff's wife owned certain real estate in Wisconsin and that, in 1936, he entered into an agreement with the defendant Gaebel, by which he was to procure for her a deed to this property for $8000, which he did, and that she was to pay to him $500 in cash and deliver a certain credit certificate upon the Howard Engraving Company which was to be paid to him as commissions upon business procured by him for the company. Contemporaneously, a contract of employment was entered into between plaintiff and the Howard Engraving Company, and plaintiff started in upon his employment. The complaint further alleges that defendant Gaebel, on December 2, 1940, executed her note and mortgage to the defendant Johnson. The execution of this note and mortgage is charged to have been part of a scheme to defraud plaintiff by creating a lien on the property. Plaintiff charges, further, that defendant Gaebel is the owner and was president of the Howard Engraving Company at the times specified in the complaint. The defendants answered fully the allegations of plaintiff's amended complaint, denying any fraud on their part, and charging that plaintiff, prior to the filing of the present complaint in the superior court, had instituted a previous action in the municipal court of Chicago against the Howard Engraving Company, and thereby had elected to rely upon the contract, and was barred from pursuing this action and from asking for rescission or other equitable relief. Defendants also charged *laches*. A rule on Gaebel and the corporation to produce a sworn list of documents was entered, and approximately 189 documents, showing payments to plaintiff by the Howard Engraving Company of about $314.84, were produced. October 20, 1943, a further order was entered upon the defendant Gaebel to answer certain interrogatories, 107 in number, answers to which were made. A motion to strike certain of these

answers was made. November 29, 1943, a rule was entered upon defendant Gaebel to answer additional interrogatories numbered 108 to 198. Answers to certain of these interrogatories were refused upon advice of counsel. Plaintiff filed his motion asking that the joint and several answers of Gaebel and the Howard Engraving Company be stricken, under rule 20½ of the superior court, for failure to answer certain questions, and that these defendants be declared in default and a decree entered. This was done February 25, 1944.

The decree found all the allegations of the complaint to be true and ordered that the contract of November 21, 1936, between Gaebel and plaintiff, and the contract between plaintiff and the Howard Engraving Company, be rescinded; that the credit certificate be declared false and of no value, that the deed from Clara Boettcher (wife of plaintiff) to Flora Gaebel be cancelled and defendant Gaebel order to reconvey; that the note and mortgage of C. F. Johnson be cancelled and ordered surrendered to the clerk of the court; that defendant Gaebel be directed to pay to plaintiff $8000, together with interest from November 21, 1936, and that defendants Gaebel and the Howard Engraving Company pay to plaintiff, as additional damages, the sum of $5000. Defendants prosecute a direct appeal, a freehold being necessarily involved. *Sewell* v. *Sewell,* 363 Ill. 166.

Defendants claim that the chancellor was without power to strike the answers of the defendants and to declare a default and enter final judgment for failure to answer interrogatories. Before considering this question of power, it is apparent from the record that the only defendant ordered to answer interrogatories was the defendant Gaebel, so it is difficult to ascertain the reason which led to the entry of judgment against the Howard Engraving Company and Johnson. It is also less apparent how the court could,

under any circumstances, cancel the note and mortgage of defendant Johnson, when he was not in court. Plaintiff, in his brief, attempts to point out that Johnson is nonexistent, but the only ground for this assertion is a statement in the decree. It is not charged in the pleadings, and certainly there is no proof in the record to support the finding in this regard. It seems to have evolved out of nowhere. Plaintiff charges, and defendants admit, that Johnson's note and mortgage were duly recorded, in Walworth county, Wisconsin, where the property was located.

The decree recites that the order was entered in accordance with sections 1 and 2 of rule 20½ of the rules of the superior court. Plaintiff's argument that the rules are not in evidence is beside the point, inasmuch as, without the rule, the question still remains as to the power of the court to declare a default and enter judgment for failure to answer interrogatories. Section 1 of rule 20½ provides that any party may file written interrogatories under section 58(2) of the Civil Practice Act (Ill. Rev. Stat. 1943, chap. 110, par. 182,) and serve copies thereof on any other party to the action to be answered by the party served, and that the interrogatory of any party may relate either to the prosecution or to the defense of the action. Section 2 of the rule, among other things, provides: "If a party fails to file and serve answers to interrogatories, the Court may strike all or any part of any pleading of that party or stay the action or proceeding until the interrogatories are answered, filed and served, or enter a judgment by default against that party." In answer to plaintiff's contention that this rule is not preserved in the record, all that is necessary to observe is that, subsequent to the decisions relied upon by plaintiff, the General Assembly, in 1929, enacted section 2 of an act in relation to judicial notice, (Ill. Rev. Stat. 1943, chap. 51, par. 48b,) declaring that any court of appellate jurisdiction shall take judicial notice

of the rules of practice adopted by any inferior court. There is no statutory provision that a judgment may be entered for failure to answer interrogatories, and, in the absence of such a statute, the power does not exist. In *Walter Cabinet Co.* v. *Russell,* 250 Ill. 416, this court had occasion to consider this question and, in its opinion (p. 421) said: "The order striking from the files the plaintiff's statement of claim and entering judgment against it, without any proof whatever, for the full amount of the defendant's claim was without authority of law. The constitutional guaranty of due process of law, without which no person may be deprived of his property, requires inquiry before judgment, hearing before condemnation. The contumacy of a party in disobeying the order of a court may justify his punishment for contempt, but not the deprivation of his civil rights or the taking of his property and giving it to another. The judgment here, though purporting to be a judicial determination of the rights of the parties, is, in fact, only an arbitrary declaration of the judge having no reference to such rights. The plaintiff in error, so far as the set-off of the defendant in error Russell was concerned, occupied the position of a defendant, and it is a principle of fundamental justice that, however plenary may be the power to punish for contempt, no court, having obtained jurisdiction of a defendant, may refuse to allow him to answer, refuse to consider his evidence and condemn him without a hearing because he is in contempt of court."

A number of cases are cited by plaintiff, from other jurisdictions, in which, upon failure to answer interrogatories, judgments were entered. An examination of these authorities develops the fact that in those jurisdictions the process is controlled by statute. This court, in *Walter Cabinet Co.* v. *Russell,* 250 Ill. 416, points out the distinction and referring to *Hammond Packing Co.* v. *Arkansas,* 212 U. S. 321, cited by plaintiff, says: "Our statute contains

no provision for the striking of pleadings, the creation of a presumption, or the entry of judgment upon a failure to produce the evidence required by an order of court." It follows that, under the law as announced by this court, rule 20½ of the superior court is ineffective in so far as its provision with respect to striking an answer or other pleading and entering a judgment for failure to answer interrogatories is concerned.

It is urged that this is not an action for damages for breach of contract, but is, instead, an action for special damages based upon fraud. Nevertheless, a judgment for damages for breaking the contract was entered against both defendants served. To support their contention that plaintiff's action in the municipal court is a bar to the later litigation in the superior court, defendants place reliance upon *Moran* v. *Union Bank of Chicago*, 352 Ill. 503; *Wollenberger* v. *Hoover*, 346 Ill. 511; *Glezos* v. *Glezos*, 346 Ill. 96; *Sluka* v. *Bielicki*, 335 Ill. 202, and other cited cases. The decree of the superior court ordered that the contract between plaintiff and the defendant Gaebel, dated November 21, 1936, and the contract between plaintiff and the Howard Engraving Company, bearing the same date, be rescinded. All of these questions on the merits will be open for consideration upon a retrial of the cause. It thus becomes unnecessary to consider these, and other, contentions advanced. Holding, as we do, that the order of the chancellor entering judgment for failure to answer interrogatories was void and of no effect, the decree of the superior court of Cook county must be reversed and the cause remanded, with directions to proceed in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*