Oak Park National Bank, a National Banking Association, as Trustee Under its Trust Number 2451, Appellee and Cross-Appellant, v. Peoples Gas Light and Coke Co., and Contracting and Material Company, Appellants and Cross-Appellees.

Gen. Nos. 49,125, 49,200.

First District, Fourth Division.

February 26, 1964.

Doyle and Berdelle, and Robert B. Johnstone, all of Chicago, for appellants.

Brown, Dashow & Langeluttig, of Chicago (Jack Joseph, of counsel), for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

A judgment in favor of Peoples Gas Light and Coke Co. and Contracting and Material Company, defendants, was entered in the Circuit Court of Cook County on September 2, 1961. Oak Park National Bank, the plaintiff, petitioned to vacate the judgment. After hearing on February 18, 1963, the trial court entered such an order and the judgment was vacated. From that order this appeal is taken.

The case grew out of a suit brought by the plaintiff against the defendants, alleging that certain property of the plaintiff's was damaged because of negligent construction work engaged in by the defendants. The plaintiff filed its complaint on April 7, 1961, and the defendants filed an answer on May 12, 1961. The defendants in this court state that they raise no point with reference to the sufficiency of the original complaint. The defendants have taken this appeal from that portion of the order of the trial court which vacates the judgment and replaces the case on the trial calendar. The plaintiff has filed a cross-appeal which we will discuss later.

The question before us depends on an interpretation of the Supreme Court Rules involving the sanctions to be imposed upon recalcitrant litigants who fail to answer interrogatories which have been submitted to them. The Act establishing the Municipal Court of Chicago in 1905 contained a provision allowing the court to permit the filing of interrogatories by any party to a lawsuit; and it further provided that the court might by order require that such interrogatories be answered under oath. In Assets Adjustment Co. v.

Atkinson, Mentzer & Grover, 180 Ill App 296, this section of the Municipal Court Act was brought before the court. In that case the defendant, after it had filed an affidavit of merits, was required by order of the court to answer interrogatories within a certain time. The defendant failed to comply with the order of the court and thereupon the court entered judgment on plaintiff's statement of claim as by default. In its opinion the court stated that the record did not show that the affidavit of defense had been stricken from the files, but whether it had been or not was immaterial since the trial court, under the rule, had no right to enter judgment. Accordingly, it was held that the defendant could not be deprived of his right to be heard on the issues raised by the affidavit of defense merely because of his contumacy in disobeying an order not directly related to such pleadings or the issues raised thereby. The court cited as its authority Walter Cabinet Co. v. Russell, 250 Ill 416, 95 NE 462.

In the Russell case, decided in 1911, an order was entered in the Municipal Court of Chicago, requiring that the plaintiff produce on a certain day certain papers and books in its possession for the inspection of the defendant. The defendant, after the date fixed by the court, filed a motion to strike, supported by an affidavit in which he alleged that the plaintiff had failed to comply with the order of the court. The trial court sustained the motion and ordered that the plaintiff's statement of claim be stricken from the files and that judgment be entered in favor of the defendant upon a setoff which he had filed in the case. On appeal the court pointed out that statutes then in force provided that the court may require parties to produce books or writings in their possession which contain evidence pertinent to the issue, and held that the trial court had no authority to strike plaintiff's statement of claim and enter judgment against

it. When a party disobeys an order of the court the court may punish him for contempt, but may not deprive him of his civil rights or take his property and give it to another. The court said that ". . . it is a principle of fundamental justice that, however plenary may be the power to punish for contempt, no court, having obtained jurisdiction of a defendant, may refuse to allow him to answer, refuse to consider his evidence and condemn him without a hearing because he is in contempt of court." It was further pointed out that in states where the striking of a party's pleading from the files and the entry of a judgment by default upon failure to comply with an order for the production of evidence have been sustained, such actions have been authorized by an express statute.

In the revision of the Civil Practice Act in 1955, section 58 as it now stands in the Act was adopted. It provides: "Discovery and depositions. (1) Discovery, admissions of fact and of genuineness of documents and answers to interrogatories shall be in accordance with rules." In the Joint Committee Comments to Supreme Court Rule 101.19–11, Smith-Hurd Illinois Annotated Statutes, the following statement is made:

"Prior to its amendment, section 58(2) of the Civil Practice Act provided, inter alia, that 'answers to written interrogatories may be required of any other party,' under terms and conditions to be prescribed by rules. However, with isolated exceptions, e. g., Circuit Court of Cook County Rule 20½ (see Boettcher v. Howard Engraving Co., 389 Ill 75, 58 NE2d 866 [1945]), no interrogatory procedure was prescribed by rules. New rule 19–11 is designed to supply this deficiency in the former practice."

Boettcher v. Howard Engraving Co., 389 Ill 75, 58 NE2d 866, was a case where the trial court, after the defendant had failed to comply with an order of the trial court that he answer certain interrogatories, adjudged that the defendant was in default and entered a judgment against him. At that time there was no rule of the Illinois Supreme Court imposing sanctions for failure to answer interrogatories, but the rule of the Superior Court of Cook County provided that the court, upon failure of the party to answer interrogatories as ordered, could enter a judgment by default. The Supreme Court held that the judgment was improperly entered and said, "There is no statutory provision that a judgment may be entered for failure to answer interrogatories, and in the absence of such a statute the power does not exist." The court cites Walter Cabinet Co. v. Russell, supra.

The Supreme Court, in accordance with a directive in the Practice Act, provided in Rule 101.19–12, Smith-Hurd Annotated Statutes, that:

"(3) Failure to Comply with Order or Rules.

"If a party, or any person at the instance of or by collusion with a party, unreasonably refuses to comply with any provision of Rules 17 to 19–12, both inclusive, or Rule 22, or fails to comply with any order entered under said rules, the court may, on motion, in addition to remedies elsewhere specifically provided, order one or more of the following, as may be appropriate: that the party be nonsuited; that his complaint be dismissed; that all or any part of his pleadings be stricken and judgment rendered on the remaining pleadings in the case; that he be debarred from filing any other pleading; that he be debarred from maintaining any particular claim, counterclaim, third-party complaint, or defense respecting which discovery

is sought; or that further proceedings be stayed pending compliance. In lieu of or in addition to the foregoing, the court may by contempt proceedings compel obedience by any party or person to any subpoena issued or order entered under said rules."

In the instant case the defendants had served certain interrogatories upon the plaintiff. The plaintiff had failed to answer same.* On September 14, 1961, a notice was served upon the attorneys for the plaintiff that a motion would be made on September 22, 1961. The motion was as follows:

"Now come the defendants by their attorneys, Doyle and Berdelle, and represent as follows:

"1. On May 5, 1961, the attorneys for the defendants caused to be served upon the attorneys for the plaintiff, Interrogatories to be answered under oath.

"2. On June 6, 1961, the attorneys for the defendants wrote to the attorneys for the plaintiff asking that these Answers to Interrogatories be forwarded.

"3. Up to and including the present time, no Answers to Interrogatories have been filed.

"Wherefore, the defendants ask that judgment be entered on the pleadings in favor of the defendants."

On September 22, 1961, a draft order was entered in the trial court which order contains, among other

---

* The Rule relating to interrogatories is 19.11, and it provides that a party may serve upon an adverse party written interrogatories and that the party upon whom the interrogatories have been served shall answer the same within 15 days after service unless the court, on motion and notice and for good cause shown, extends or shortens the time.

things, the following statement: "It is hereby ordered that said motion for judgment be and the same hereby is sustained"; and the court further ordered the plaintiff take nothing by its suit; that the defendants go hence without day; and that the defendants shall have and recover from the plaintiff their costs and expenses and have execution therefor. At the time of the entry of the judgment the plaintiff did not appear in court.

On November 13, 1962, the plaintiff filed a petition to vacate the judgment in the trial court. This petition was brought under Section 72 of the Civil Practice Act. In the petition the plaintiff alleged, among other things, that the attorney who was then in charge of the litigation had had conversations with the attorney for the defendants and that the attorney for the defendants had told the attorney for the plaintiff that he could take all the time he wished in answering the interrogatories; and that when the notice asking for judgment on the pleadings was served upon the attorney for the plaintiff he talked to the attorney for the defendants, who agreed that the motion would be entered and continued for 30 days and that the attorney for the plaintiff would be notified before the motion was brought up. Affidavits of the attorneys involved were filed in court. Those of the attorney representing the plaintiff alleged that there had been agreements made that the plaintiff need not immediately answer the interrogatories. The affidavit of the attorney for the defendants denied that there was any communication whatsoever concerning the motion.

A hearing was had in the trial court. Two witnesses testified for the plaintiff and one witness for the defendants. The court entered an order vacating the judgment and filed with its order, and as a part of it, a voluminous and helpful opinion. At the time the trial court entered the order from which this appeal is taken, it permitted the defendant to make a showing

concerning its expenses and attorney's fees, and the order which the court entered on February 18, 1963 vacated the judgment order entered on September 22, 1961, and restored the cause to the trial calendar. The order entered further provided that the plaintiff was ordered to pay to defendants their attorney's fees and costs in the sum of $850. The said sum was paid in open court. The defendants here contend that the Circuit Court had power to enter the judgment and that section 72 of the Practice Act was improperly applied.

The question that this court must first consider is whether a "judgment on the pleadings" was properly entered in the trial court. In the revision of the Civil Practice Act in 1955, section 45, paragraph 5 provided that any party may seasonably move for judgment on the pleadings. Before the adoption of that section our courts had sanctioned such judgments. A motion on the pleadings is of common law origin and the right to enter judgment on the pleadings is inherent in every court of record, when the facts shown and admitted by the pleadings entitle a party to such judgment. 71 CJS Pleading § 424, 41 Am Jur Pleading § 335. Such a motion raises the question as to whether there is any issue of material fact presented by the pleadings, and if there is no such issue the court should enter the appropriate judgment. The motion may be and generally is made after the issues are settled by the pleadings. Under such a motion the court has a right to consider both the complaint and the answer. Milanko v. Jensen, 404 Ill 261, 88 NE2d 857; Harrison v. Kamp, 395 Ill 11, 69 NE2d 261; Lipski v. Schwartz, 5 Ill App2d 577, 126 NE2d 415.

■ As we have pointed out, there is no question raised as to the sufficiency of the pleadings. There was an issue of fact before the court for trial. Had there been no complaint with reference to the failure

of the defendants to answer the interrogatories, it is clearly evident that a judgment on the pleadings could not have been entered. Under the cases heretofore referred to, the trial court would only have had a right to enter judgment against a party for failure to answer interrogatories when the statute specifically so provided. In Illinois there is no specific statutory provision, but it is a power which is exercised by the Supreme Court by rule. There are certain orders which may be entered by the trial court; for instance, it could strike the complaint and order that no further pleadings be filed, but there is no provision anywhere in Rule 19.12 that the court has any right to enter a judgment on the pleadings or any other judgment except under and by virtue of the provisions of that rule. In the affidavits filed with, and the evidence taken in support of and in opposition to the motion to vacate, there is a definite conflict in the sworn testimony of the members of the Illinois Bar who were involved. The trial court did not attempt to resolve the conflict nor do we propose to do so. The question before us can be decided upon the same theory as it was decided in the trial court. If the initial judgment was one which the trial court had no power to enter, that judgment is void and may be attacked at any time in the same or any other court, by the parties or by any other person who is affected thereby.

A motion under section 72 of the Civil Practice Act is proper, although a motion under that section is not necessary, in order to attack a void judgment. It is the ordinary rule that where a court has jurisdiction of the parties and subject matter, its decree, however erroneous, can only be attacked on appeal or error. The Supreme Court, in Armstrong v. Obucino, 300 Ill 140, 133 NE 58, points out that that rule is

subject to an exception which is equally well settled, that a decree may be void when the court has exceeded its jurisdiction. And in Ward v. Sampson, 395 Ill 353, 70 NE2d 324, the Supreme Court says:

> "In its application to courts, jurisdiction is the authority to hear and determine causes of action of the general class to which the particular cause belongs. In its application to a certain controversy, jurisdiction is the right to hear and determine that controversy. [Ashlock v. Ashlock, 360 Ill 115.] Jurisdiction of the subject matter and of the person is each a prerequisite to the validity of a divorce decree. Jurisdiction of courts of equity to hear and determine divorce cases is conferred only by statute, and while such courts may exercise their powers within the limits of the jurisdiction conferred by the statute, the jurisdiction depends upon the grant of the statute, and not upon general equity powers. [Citing cases.]

> ". . . Where the court entering a judgment exceeds its jurisdiction and the judgment or decree transcends the statute conferring jurisdiction on the court, the judgment or decree is void, and may be collaterally impeached or set aside on motion after the time for review by appeal has expired. . . ."

Also see Collins v. Collins, 14 Ill2d 178, 151 NE2d 813; O'Toole v. Klimek Boat and Engine Works, 24 Ill App2d 111, 164 NE2d 253 and People v. National Builder's Bank of Chicago, 10 Ill2d 121, 139 NE2d 262. In the instant case, the trial court only had the power to enter a judgment in accordance with Rule 19.12 of the Supreme Court. In entering a judgment on the pleadings the trial court entered a judgment which it had no power to enter. An issue had been created by

the pleadings, and without the trial court striking the pleadings, it had no authority to enter a judgment. Hawthorne Paper Sales Co. v. Kolf, 41 Ill App2d 346, 190 NE2d 604. See Mr. Justice Klingbiel's article in 1951 University of Illinois Law Forum, p 125. We express no opinion as to whether under the circumstances in this case, even if the court had stricken the complaint, it could have properly entered a judgment.

██ ██ Rule 101.19–12 provides that where a party "unreasonably" refuses to comply with a provision of the Rule, sanctions may be imposed. A judgment by default is a drastic remedy. In Barthelemy v. Braun, 272 Ill App 321, the court says: "In taking a judgment by default the plaintiff acts at his peril." In the instant case the court made no finding that the delay to answer the interrogatories was unreasonable. Such a finding, in our opinion, would be necessary in any case, even had the judgment been entered in the proper form. We take judicial notice that there is an extraordinary situation in this County due to the congestion of the court calendars and the long delays in the trial of cases resulting therefrom. In Paramount Paper Tube Corp. v. Capital Engineering & Mfg. Co., 11 Ill App2d 456, 138 NE2d 81, the court says: "Under ordinary circumstances a long passage of time following the entry of a judgment might put upon defendants the responsibility of checking the files or examining the records to see what had been done."

██ As we have stated, in our opinion, the judgment originally entered was void, and hence, even though the petition was designated as having been brought under section 72, it is neither necessary nor appropriate to consider the negligence or lack of negligence of the plaintiff as a determinative factor in whether or not the judgment should be vacated. The order of the trial court vacating the judgment was

proper. At the close of the proceedings in the trial court the plaintiff was ordered to pay the defendants their attorney's fees and costs in the sum of $850. This payment was made in open court by the delivery of a check made out to the defendants. Here the plaintiff urges that by their acceptance of the check the defendants had waived any right which they might have had to contest the order entered by the trial court. Under the view which we have taken of this case it is not necessary to discuss or decide this question. The plaintiff made a motion based on that theory to dismiss the appeal. That motion was taken with the case and is here denied.

The plaintiff has filed a cross-appeal in which it prays that in case the judgment of the trial court is reversed here, the trial court should be directed to order the defendants to return the $850 to it. It is not necessary for us to consider whether plaintiff's alternative appeal would in any case be proper, since we affirm the order of the trial court vacating the judgment.

The order of the Circuit Court of Cook County is affirmed.

Affirmed.

ENGLISH, P. J. and DRUCKER, J., concur.