THOMAS A. APPERSON

v.

O. W. GOGIN ET AL.

</div>

1. SPECIFIC PERFORMANCE—CHANCERY JURISDICTION.—The bill of complaint alleged the obtaining of certain judgments against the complainant, and a subsequent written agreement, whereby in consideration that the personal property therein mentioned would be delivered to the judgment plaintiff as therein agreed, the values fixed therefor should be credited to the complainant on said judgments until the same were satisfied. The bill further charged that the property had been delivered and that complainant had complied on his part with the agreement, but that credit therefor had not

been given on the judgments. The court dismissed the bill on the ground that there was adequate remedy at law. This was an error. Nothing short of a specific performance of the agreement would be an adequate remedy, and equity alone can afford that remedy; and when equity obtains jurisdiction it will do complete justice between the parties under the contract, and adjust all questions arising under it.

2. ESTOPPEL.—The complainant and the sureties on his notes, by entering into the agreement for payment of the judgments, are estopped to deny the validity of such judgments on the ground that there was no sufficient power of attorney authorizing the entering of the same.

3. EVIDENCE—DEATH OF PARTY.—One of the defendants having died pending the suit, the complainant is incompetent to testify in his own behalf as to transactions occurring with such defendant previous to his death; and two of the other defendants whose interest was in common with the complainant in the result of the suit and opposed to the estate, were also incompetent to testify.

4. PRACTICE—DEFAULT.—It was error to enter a default against defendants while their answers were on file, and such default should be set aside.

ERROR to the Circuit Court of Cumberland county; the Hon. J. C. ALLEN, Judge, presiding.

Messrs. DECIUS & EVERHART and Mr. HORACE S. CLARK, for plaintiff in error; that the judgments ought not to be sustained unless strictly within the power given in the notes, cited Chase v. Dana, 44 Ill. 262; Fry et al. v. Jones, 78 Ill. 627; 5 Hill, 497; 44 Ill. 263.

That the computation of interest on the notes was illegally made, no allowance for interest on payments being given: McFadden v. Fortier, 20 Ill. 509; Heartt v. Rhodes, 66 Ill. 351.

No judgment for attorney's fees could be had under the terms of the notes: Nickerson v. Babcock, 29 Ill. 497.

The contracts are a satisfaction of the judgments: Smith v. Hickman, 68 Ill. 314; Hoag v. Starr et al. 69 Ill. 365.

The testimony of defendants, McAllister and Albin, was competent : Rev. Stat. 1874, 488.

The case is one calling for equitable relief, and the court had jurisdiction: Adam's Eq. 460; Kerr's Injunctions in Eq. 13; Smith v. Hickman, 68 Ill. 314; Babcock v. McCamant, 53 Ill. 215; Hoag v. Starr, 69 Ill. 365; Sammis v. Clark, 17 Ill. 398.

It was not error to allow amendments to the bill: Rev. Stat.

1874, 137; Jackson v. Warren, 32 Ill. 331; Gibson v. Rees, 50 Ill. 383.

The order rendered in vacation, dismissing the bill, had no validity: Edwards v. Evans, 61 Ill. 492; Governor v. Dodd, 81 Ill. 162; Hughes v. Washington, 65 Ill. 245; Schneider v. Seibert, 50 Ill. 284; Stevens v. Coffeen, 39 Ill. 148.

Mr. J. F. HUGHES, for defendants in error; that the complainant and defendants, Albin and McAllister, were incompetent to testify as to transactions occurring before the death of defendant Wilson, cited Rev. Stat. 1874, 488; Whitmer v. Rucker, 71 Ill. 410; Alexander v. Hoffman, 70 Ill. 114; Com'rs v. Kansas Pacific R. R. Co. 9 Chicago Legal News, 369; Boester v. Byrne, 72 Ill. 466.

That there was an adequate remedy at law: Stewart v. Mumford, 80 Ill. 192.

The signing of the certificate of evidence in vacation without a previous order therefor, was error: Hance v. Miller, 21 Ill. 639.

The defendant in error may file an additional abstract of record: Rowley v. Hughes, 40 Ill. 71.

LACEY, J. Finley P. Wilson obtained three several judgments in vacation, by virtue of power of attorney contained in notes to confess judgment in vacation, in the Circuit Court of Cumberland county: one judgment for $872 and costs against the complainant, Thomas A. Apperson, July 7th, A. D. 1875; one on July 9th, A. D. 1875, against the complainant and George W. Albin for $1,484; also one on the last mentioned date against complainant, George W. Albin, and Robert McAllister, for the sum of $1,349.80 and costs. George W. Albin and Robert McAllister were security for Apperson on the above notes. On the 13th day of July, A. D. 1875, Apperson and Finley A. Wilson entered into a written contract in reference to the satisfaction of the several judgments in substance, after reciting the above judgments, and reciting that they desired to effect a settlement of the said judgments without a levy and forced sale of the property of defendants,

Apperson v. Gogin et al.

providing for the payment and settlement of the judgments in the order of their priority; and further providing that Apperson should turn over and deliver to said Wilson one hundred head of stock hogs then owned and possessed by said Apperson, which hogs were to be received by Wilson on the said judgments for $6 per hundred—Apperson having privilege to furnish buyer at better price within the next ten days. It was further agreed that Apperson should deliver to Wilson 120 acres of grass then standing and growing on the resident farm of Apperson, in Cumberland county; that Apperson should be permitted by Wilson to harvest and stack the grass on the premises where it then stood, to be done in a good, husbandman-like manner, and without expense to Wilson. One hundred tons of hay was to be credited on the judgments at least at $6 per ton, Apperson being at liberty to procure a better market any time before the first day of November, the rise being credited also. Apperson also was to deliver to Wilson 60 acres of corn then growing and standing on his home farm, 2,000 bushels of which was to be credited on the judgments at 30 cents per bushel and the rise of the market to January 1st, 1876. It was further agreed that Apperson should sell and deliver to Wilson at the farm of Apperson 120 head of smooth, nice Texas cattle, to average about 1,000 lbs., ranging from 850 to 1,100 lbs. each, at the price of $4 per hundred pounds. The sum of $1,905 of the value of the cattle was to be credited on these judgments, and for the balance Wilson was to give Apperson his note with bankable securities, due in 6 months from date. The contract further recites that the judgments contained a penalty of 4 per cent. per month after the maturity of the notes on which the judgments were rendered, and reciting that it was not desired by Wilson to exact the penalty, it was agreed that on the final settlement of the judgments each party was to do what was right in the matter, and if they could not agree what *was* right, that Dr. Albin and Robert McAllister should say what was right, their decision to be final between the parties. It was further agreed that the judgments and executions should remain in full force as they then stood until discharged by full performance of the contract, the levy on about 15 yearlings and six

two-year olds and one three-year old cattle to be released. The consent to the contract of Albin and McAllister was given by them by their agreement on the back of the contract. The bill in this case was filed by complainant, Apperson, against the above named Albin, McAllister, and Finley P. Wilson, Jan. 29, 1876. At the August term, 1876, the death of F. P. Wilson was suggested, and O. W. Gogin, his executor, was made party.

The above state of facts were set up in the bill. The complainant avers in his bill that he delivered the corn, hogs, hay, and cattle, and in everything substantially complied with the written agreement. Complainant further avers that on the 17th day of July, A. D. 1875, the parties to the original agreement modified that agreement by a verbal agreement in relation to the Texas steers specified in the written agreement; that complainant was to furnish Wilson pasture; that Wilson was to loan complainant $3,000 in St. Louis, by 13th Aug., '75, to enable complainant to buy cattle; that Wilson did not furnish the money in the time agreed, but did furnish $2,800 after that time, and after cattle had risen in market, to the large damage of complainant. The bill charges that Wilson refused to satisfy the judgments and release the levies, and was ordering the sheriff to collect them.

The bill prays that the judgments be declared satisfied and canceled and the executions quashed.

The bill was afterwards amended setting up that the judgments were confessed without proper warrant or authority and were void, etc. Alleges the judgments were satisfied in full; that Wilson in his life time received $368.88, and it has never been credited; avers the death of Wilson and appointment of Gogin as his executors, etc. That since the suit was commenced, the attorneys of Wilson have entered full satisfaction of the judgment against complainant alone, and given credit on the judgment against complainant and Albin of $240.15, for hogs and corn delivered to Wilson under the contract. That they refused to enter credit for cattle furnished, for hay delivered and for pasture furnished. The executor Gogin, answered and admits the allegations in the bill, except that he denies judgment was entered without authority of law; that the

contract was a settlement and satisfaction of the judgment; denies that complainant complied with the contract, and denies verbal contract, etc. The answer sets up demurrer to bill for the reason that the complainant has a remedy at law. Albin and McAllister also filed their answers.

The cause was referred to the master, and a good deal of evidence was taken in the case, tending to show that there were large sums of money due complainant under the written contract not credited, on account of the Texas cattle furnished by complainant to Wilson; also on account of the 100 tons of hay, some evidence also tending to show there had been a verbal change of contract in regard to furnishing money. But as to the question, how much there is due to complainant under the original contract or its modification, if anything, we purposely refrain from expressing an opinion, for the reasons that the question will have to be passed upon by the court below. It appears that after the case was submitted to the court below for its decision, the court found that the complainant as to all the material allegations in the bill, had a complete remedy at law, and therefore dismissed the bill. Thus the court refused entirely to consider the merits of the case. We are satisfied that in thus deciding the court erred.

This is not a case where one attempts to obtain in equity a set-off of a mere demand, sounding in damages against a judgment at law.

The agreement in this instance by its terms, provided that when, and as fast as the complainant fulfilled it, the amount should be applied in satisfaction of the several judgments: hence to the extent the contract was fulfilled, the judgments were satisfied in equity. How could it be said complainant had a complete remedy at law, when if he should sue on the contract at law, the only recovery he could obtain, would be the amount due under the contract by the rules of the law, in such case applicable to the measure of damages. But by this agreement the performance of the contract was to be the satisfaction of the judgments. The recovery at law would leave the judgments wholly unsatisfied, and the plaintiff in the judgments would be free to sell the property of complainant under

execution, or compel complainant to pay them off, when in justice they should be satisfied.

Nothing short of a specific performance of the agreement in this case would be an adequate remedy, and equity alone can afford that remedy. And again when equity obtains jurisdiction it will do complete justice between the parties under the contract, and adjust all questions arising under it.

A question by appellant has been raised by his bill and in his argument as to the validity of the judgments in the first instance, on the ground that there was no sufficient power of attorney to authorize the confession of judgments in vacation. We are of the opinion that complainant by entering into the written contract, and Albin and McAllister by consenting to it, are estopped from disputing the validity of the judgments. The contract admits their validity, and they *are* the basis of the contract. When the complainant asks performance of the contract on the part of Wilson, he must allow Wilson the benefit of the consideration for such performance, the satisfaction of the judgments which complainant had agreed to receive in payment in part for his cattle, hogs, corn, &c., to be delivered. The question has been raised as to the admissibility of the evidence of complainants, George W. Albin and Robert McAllister. Their evidence was inadmissible and should have been rejected. As to the complainant, the defendant Gogin was the opposite party, as the executor of Finley P. Wilson, deceased, and is expressly prohibited by statute to testify; and as to the other two, their interest is identical with that of the complainant, although they are respondents in the case. Their interest is directly opposed to Gogin, the executor of Wilson, deceased, their co-defendant, and if admitted would tend to defeat his claim and decide the cause of action in favor of complainant, and relieve themselves from the payment of the judgment in favor of Gogin, executor, against themselves. They fall within the spirit and meaning of the statute. Alexander v. Hoffman et al. 70 Ill. 114; Winter v. Rucker et al. 70 Ill. 410. Their evidence should be excluded.

Default was taken in the court below against Albin and Mc-Allister while their answer was on file. This was error, and

such default should be set aside. The decree in this cause is reversed and the cause remanded, with leave to complainant to amend his bill if he so desires. The court below should hear and determine all the rights of the parties under the contract, either as originally made or modified, if the evidence shall show any modification of it. Whatever may be found to be due to complainant, if anything, after hearing all the evidence taken or to be taken, the court should credit on the judgments. The court should do complete equity between the parties.

<div align="right">Reversed and remanded.</div>