(No. 24225.—
JAMES L. HARRIS, Appellee, vs. WILLIAM JUENGER et al.
Appellants.

*Opinion filed December 15, 1937.*

PHILIP G. LISTEMAN, for appellants.

SAUL E. COHN, (BEASLEY & ZULLEY, of counsel,) for
appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

This is an appeal to review a judgment by default for
the amount of $6500 against the defendants in the city
court of East St. Louis, and affirmed by the Appellate
Court for the Fourth District.

From the facts it appears that James L. Harris insti-
tuted an action to recover damages for personal injuries
alleged to have been caused by the negligence of the city
of East St. Louis, William Juenger, Mike Bova, Anna
Grisson, E. Salia, and Nellie Bagliese. The complaint
charged the defendant, the city of East St. Louis, with
negligence.in the maintenance of a certain sidewalk located

in front of the store building known as 310 East Broadway in said city. Defendants Juenger, Bova, Grisson, Salia, and Bagliese were alleged to be the owners of the premises. It was further charged in the complaint that the sidewalk was out of repair and that, by reason of the negligent condition and maintenance of this sidewalk, the plaintiff, while in the exercise of due care in passing over and along said sidewalk, fell and was injured. By their answer the defendants last named, including the four who have perfected this appeal, denied in general terms the negligence alleged in the complaint. On September 18, 1935, the clerk of the city court addressed a letter to the defendants advising them that the lawyers who had entered their appearance and filed an answer on their behalf had been given leave to withdraw as attorneys for all the defendants except the city of East St. Louis. On the day of the withdrawal of the attorneys and while the answer of the defendants was still on file, the court ordered them to plead by September 23. Thereafter, on September 30, 1935, a default was entered against the defendants, other than the city, for want of an answer, and, on October 15, the court rendered judgment against them while their answer was still on file. On this last date the following order appears of record: "And now on this 15th day of October, A. D. 1935, the same being a judicial day of the regular session of this court, comes the plaintiff to this suit by his attorneys; and comes defendant, the city of East St. Louis, Illinois, by its attorney, and thereupon reference is had to the court to assess the plaintiff's damages herein against the defendants heretofore defaulted; and the court now here, after hearing all the testimony presented on behalf of the plaintiff and being fully advised in the premises, finds the defendants in default, guilty as charged and assesses the plaintiff's damages to the sum of six thousand five hundred dollars ($6,500.00)." After the entry of the judgment, and within the thirty days prescribed by paragraph 7 of sec-

480

tion 50 of the Civil Practice act, (Ill. Rev. Stat. 1937, p. 2398,) namely, November 14, 1935, four of the five defaulted defendants made a motion, supported by an affidavit of a meritorious defense, to vacate the judgment. From the order of May 5, 1936, denying their motion, the appeal to the Appellate Court followed.

The record discloses that the plaintiff made a demand for a jury at the inception of the action, and moved to withdraw his demand after default. In the view we take of this proceeding the question as to whether there was error in granting the withdrawal of the demand is immaterial. The principal issue involved is whether, an answer being on file and at no time withdrawn, the court had the right to enter a default for failure to file an answer and proceed, without a hearing, as to the issues involved as well as the amount of damages, if any, assessable. The withdrawal of the attorneys as counsel for the defendants, did not in any way result in the withdrawal of the answer on file. While the order entered at the time of the hearing recites that the court heard testimony presented on behalf of the plaintiff, it does not affirmatively appear that this testimony included evidence on the question of negligence. On the other hand, it would appear from the order, as claimed by defendants, that the trial was in the nature of a hearing on default without an answer. Neither does it appear that the cause was reached in its regular course in the trial court, but the inference is plainly apparent and deducible from the record that it was set for hearing as upon default. This court has held that it is error to render a judgment against a defendant by default when a plea to the merits of the action is on file. (*Mason* v. *Abbott*, 83 Ill. 445.) The withdrawal of the appearance of counsel does not result in a withdrawal of a plea already on file. (*Mason* v. *Abbott, supra.*) It is well settled that where a plea or an answer which raises the issue of negligence is on file this issue must be determined adversely

to the defendant before the assessment of damages. The court erred, it follows, in not granting the motion to set aside the default and vacate the judgment.

Accordingly, the judgment of the Appellate Court and the order of May 5, 1936, of the city court of East St. Louis are reversed and the cause is remanded to the city court, with directions to set aside the judgment and to proceed with the trial of the case.

*Reversed and remanded, with directions.*