Hawthorne Paper Sales Company, a Corporation, Plaintiff-Appellant, v. John Kolf, d/b/a J. F. Kolf Printing Company, Defendant-Appellee.

Gen. No. 48,729.

First District, First Division.

May 6, 1963.

Arvey, Hodes & Mantynband, of Chicago (Edwin A. Wahlen and Daniel A. Don, of counsel), for appellant.

Cook & Lavery, of Chicago (John A. Cook and Harry D. Lavery, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Defendant filed a petition under Section 72 of Rule 1 of the Civil Practice Rules of the Municipal Court of Chicago [1] to vacate a default judgment. The petition was allowed, and from that order plaintiff appeals.

Plaintiff's Statement of Claim was filed November 22, 1960 against "John Kolf, d/b/a J. F. Kolf Printing Company" for goods sold to defendant in the amount of $2,843.28, including interest for vexatious delay. On December 14, 1960 defendant, by an attorney, filed a Defense denying each of plaintiff's allegations. Defendant also filed a jury demand.

Plaintiff moved to strike the Defense. This motion had not been ruled on by the court [2] when, on February 6, 1961, an order was entered by agreement of

---

[1] This section of the rule is practically identical with Section 72 of the Civil Practice Act (Ill Rev Stats, c 110, § 72).

[2] The record discloses that the motion to strike has never been passed upon.

the parties giving leave to defendant to file an Amended Defense within twenty days.[3]

No Amended Defense having been filed, plaintiff served notice on defendant's attorney that on March 13, 1961 it would "move that a judgment be entered" against defendant, "due to defendant's failure to file an Amended Defense." On that date, ex parte, the court sustained the motion in the language in which presented, and entered judgment against defendant.

Defendant was not notified of the judgment until more than four and one-half months later (July 31, 1961) when he was served with an execution and a citation to discover assets.[4] Defendant then engaged new legal counsel (the attorneys representing him in this court), who, on September 22, 1961, a week after their retention, filed defendant's verified petition under Section 72 to vacate the judgment.

Among other allegations in the petition to vacate, it was stated that defendant, John F. Kolf, individually, was not indebted to plaintiff, and had never done any business with plaintiff, whereas J. F. Kolf Printing Company, an Illinois corporation, had engaged in business transactions with plaintiff; that the court did not hear any evidence in support of the Statement of Claim, but entered judgment on the basis of the verification of that document by one Harold J. Sachs as "Office Manager"; that Sachs was not Of-

---

[3] It may be noted that this order did not require or direct the filing of an Amended Defense.

[4] In Jansma Transport, Inc. v. Torino Baking Co., 27 Ill App2d 347, 354, 169 NE2d 829, this court said: "While no duty is imposed upon a party or counsel to sue out an execution promptly in order to inform a defendant of a default within the thirty-day period (during which defendant could make a direct attack on the judgment), yet failure to do so is a circumstance which casts a cloud upon the entire proceeding. . . . On a petition to vacate, the court may properly take it into account in appraising the worth of the defense to the petition."

fice Manager of plaintiff, and was unknown at plaintiff's office in Chicago; that Sachs had further made a false affidavit in swearing that defendant was indebted to plaintiff, because plaintiff knew or should have known that it had done business with J. F. Kolf Printing Company, a corporation, and not with John F. Kolf, individually.

■ There was no responsive pleading filed denying any of the allegations of defendant's petition, so the petition was apparently, and properly, considered by the court only on the issue of its legal sufficiency. (Shaw v. Carrara, 312 Ill App 410, 412, 38 NE2d 785.) On October 27, 1961 the judgment was vacated and this appeal followed.

We must decide at the outset whether or not the Defense filed to plaintiff's Statement of Claim should be treated as though it had been stricken. Plaintiff argues that defendant's failure to file an Amended Defense, after being given leave so to do, left the Statement of Claim unanswered; and that in such a condition of the pleadings, no issues were raised, leaving plaintiff free to proceed as though defendant were in default for never having filed any defense.

■ It must be conceded by plaintiff that the court did not order the Defense stricken. The point is made, however, that the granting of leave to file an Amended Defense implicitly or presumptively carries with it the striking of the original Defense. We cannot agree with this proposition. In Glos v. Dietrich, 227 Ill 581, 583, 81 NE 694, relied on by plaintiff, the court commented that a motion to strike had been confessed by the defendant when he obtained leave to file, and did file, another answer instanter. The actual filing of the later answer clearly superseded the earlier one and constitutes an important distinction in fact from the case before us.

■■ If an Amended Defense had been filed it would have superseded the original Defense, but the latter would stand until withdrawn, superseded or stricken. It was never withdrawn or superseded, and we conclude that it was not stricken. We must, therefore, determine the sufficiency of the petition in the light of defendant's having had a Defense and jury demand on file at the time the ex parte judgment was entered.

Examined from that point of view, the cases of Mann v. Brown, 263 Ill 394, 105 NE 328, and Sullivan v. O'Boyle, 337 Ill App 103, 84 NE2d 848, cited by plaintiff, are distinguishable. Those decisions approved ex parte assessment of damages by the court despite the previous filing of jury demands, but in those cases there were no defense pleadings on file, and, in consequence, the pleadings raised no issues for a jury to try. No defense was ever filed in Mann, and in Sullivan the amended defense and counterclaim had been stricken. On somewhat different facts, the principle declared in O'Brien v. Brown, 403 Ill 183, 85 NE2d 685, also cited by plaintiff, is similarly inappropriate.

Also differing on the facts, but strikingly alike in the principle involved, is the case of Harris v. Juenger, 367 Ill 478, 11 NE2d 929. There the defendants' attorneys withdrew, by leave of court, but an answer previously filed was neither withdrawn nor stricken. The court then ordered defendants to plead by a day certain, and, on their failure so to do, default and judgment were entered against them. Defendants' motion to vacate, under Section 50 of the Practice Act, was denied and this order was affirmed by the Appellate Court. The Supreme Court, however, reversed and remanded, stating at pages 480–481:

. . . The principal issue involved is whether, an answer being on file and at no time withdrawn,

350

the court had the right to enter a default for failure to file an answer and proceed, without a hearing, as to the issues involved as well as the amount of damages, if any, assessable. . . . , it would appear from the order, as claimed by defendants, that the trial was in the nature of a hearing on default without an answer. Neither does it appear that the cause was reached in its regular course in the trial court, but the inference is plainly apparent and deducible from the record that it was set for hearing as upon default. This court has held that it is error to render a judgment against a defendant by default when a plea to the merits of the action is on file. (Mason v. Abbott, 83 Ill 445.) The withdrawal of the appearance of counsel does not result in a withdrawal of a plea already on file. (Mason v. Abbott, supra.) It is well settled that where a plea or an answer which raises the issue of negligence is on file this issue must be determined adversely to the defendant before the assessment of damages. The court erred, it follows, in not granting the motion to set aside the default and vacate the judgment.

See also the 1951 University of Illinois Law Forum, in which Justice Ray I. Klingbiel wrote at page 125: "Nor can a default be properly taken as long as there is a pleading or motion by the particular defendant on file. The plaintiff should see that the pleading or motion is stricken, if improperly on file or if insufficient. If he fails to do this his default order or judgment will be set aside on application."

Based on the foregoing, we conclude that the ex parte judgment taken against defendant was improper because his Defense was on file at the time, and it raised issues which he was entitled to have determined by a jury. The latter point is implicit in the

decisions of Westmoreland v. West, 19 Ill App2d 161, 153 NE2d 275, and Skivington v. Lehman, 36 Ill App 2d 479, 184 NE2d 785.

■ Section 72 furnishes appropriate authority for relief under the circumstances of this case, and defendant's petition, addressed, as it is, in justice and fairness to the equitable consideration of the court, is sufficient to support the court's order vacating the default judgment. (Ellman v. DeRuiter, 412 Ill 285, 106 NE2d 350; Elfman v. Evanston Bus Company, 36 Ill App2d 469, 190 NE2d 348.) Defendant should be given an opportunity to have plaintiff's claim and his own defense presented to a court and jury, and to that end the order appealed from is affirmed.

Affirmed.

MURPHY, J, concurs.

BURMAN, PJ, took no part in the decision of this case.