## Bernard Koenig, Plaintiff-Appellee, v. Louis Nardello, Defendant-Appellant.

### Gen. No. 52,549.

First District, First Division.

September 30, 1968.

George F. Barrett, of Chicago (Michael J. McArdle, of counsel), for appellant.

Sudak & Grubman, and Maxfield Weisbrod, of Chicago (Maxfield Weisbrod, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is a personal injury action in which defendant filed an answer and a jury demand. When the case was regularly reached for trial on May 9, 1967, the assignment judge denied a request of defendant's counsel for a continuance because defendant was out of town and unavailable. The case was then assigned to a magistrate where, on the assumption of both court and counsel that a default order had been entered by the assignment judge, it was submitted to a jury on the single issue of damages, over defendant's objections that he was entitled to a jury trial on both issues of liability and damages. A $4,500 verdict was returned for plaintiff, on which judgment was entered on May 9, 1967. Defendant appeals from the denial of his motion to vacate the judgment and for a new trial.

On June 15, 1967, defendant presented a motion to the assignment judge to vacate the default order and the judgment entered against him on May 9, 1967. After a hearing, the assignment judge stated that no default order had been entered on May 9, 1967, and that "I didn't say anything about a default. I didn't say anything about barring any defenses. I don't limit the hearing to anything."

The motion to vacate the judgment was then assigned to the trial judge for disposition. After an extended hearing, the trial judge insisted that a default order had been entered and denied the motion to vacate the default order and judgment after remarking, "And under our assignment system, a case is known for weeks approximately when it is going to come for trial, and it is the attorney's duty for the respective parties, to so inform their clients and have them ready, willing, and available for trial.

481

And I don't feel it is proper to grant a continuance merely because the defendant saw fit to take a vacation. . . . Your office handles a tremendous percentage of cases in the Municipal Division. . . . And due to this unique position, I feel that you gentlemen have added responsibility, as officers of the Court, to see to it that these proceedings move smoothly, and to see to it, in fact, that you are ready for trial. You are not amateurs. This is a further practical reason why this case was defaulted. So, your motion to set aside the judgment to vacate the default and judgment entered May 9, is denied."

█ Because of the disagreement between court and counsel as to what happened before the assignment judge and the trial judge, we have examined the entire transcript of the proceedings and have come to the following conclusions: (1) It was within the sound discretion of the assignment judge to deny defendant's motion for a continuance because defendant was out of the state and to assign the case for trial. The case had appeared on the regular trial call on March 31, 1967, and it was continued on the trial call to May 9, 1967. Defendant's counsel was aware of the continued date and also was notified by plaintiff on May 4, 1967, to produce the defendant at the trial on May 9, 1967. (2) The erroneous assumption of both the attorneys and the trial court that an order of default had been entered caused the trial court to proceed with the trial only on the issue of damages.

██ Although the record indicates a lack of cooperation by defendant's counsel, which was frustrating to opposing counsel and irritating to the court, we are of the opinion that prejudicial error occurred here, whether or not a default order was entered by the assignment judge. The Illinois authorities on defendant's "absence from trial" show that "where there is an answer on file, a default does not exist merely because defendant does not appear at the time the case is called for trial. After issue has been joined, the plaintiff must proceed to prove his

case and a trial must be had in the same manner as though the defendant had answered on being called." 23 ILP, Judgments, § 57, p 174.

In Wacker v. Young, 172 Ill App 255 (1912), it is said (p 256):

> "The court below erred in entering judgment by default after an appearance by defendant and pleas and affidavit of merits were filed, and issue taken thereon. After issue was joined, the plaintiff, to obtain judgment, must proceed and try his cause by a jury, in the same manner as if the defendant had answered to his name when called."

In DuBreuil v. Klein, 253 Ill App 91 (1929), it is said (p 92):

> "It is well settled that where the defendant in a case of this kind has filed a plea or pleas which raise issues that involve the question of the plaintiff in error's guilt of the negligence charged in the declaration, these issues must be determined by the jury adversely to the defendant before damages can be assessed against him, whether the defendant in the suit be present or absent at the trial. . . . It is apparent therefore that the judgment rendered in this case is erroneous."

See, also, Harris v. Juenger, 367 Ill 478, 480, 11 NE2d 929 (1937); Westmoreland v. West, 19 Ill App2d 161, 164, 153 NE2d 275 (1958); and Hawthorne Paper Sales Co. v. Kolf, 41 Ill App2d 346, 350, 351, 190 NE2d 604 (1963).

For the reasons given, the judgment appealed from is reversed and the cause is remanded to the Circuit Court for a trial on all issues.

Reversed and remanded for a new trial.

BURMAN, P. J. and ADESKO, J., concur.