(No. 45969.—

AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Appellant, v. MAR-K-Z MOTORS AND LEASING CO., INC., *et al.*—(Henry Buttel, Appellee.)

*Opinion filed March 29, 1974.*

Arnstein & Levin, of Chicago (Harry G. Fins, of counsel), for appellant.

Donald J. Miller, of Forreston, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, American National Bank and Trust Company of Chicago, appealed from the judgment of the circuit court of Cook County dismissing with prejudice its replevin action seeking to recover possession of an automobile from Henry Buttel, hereafter referred to as defendant. The circuit court also ordered plaintiff to assign to defendant the certificate of title to the automobile and to pay a fee to defendant's attorney. Except as to the

attorney fee, the appellate court affirmed, and we allowed plaintiff's petition for leave to appeal. 11 Ill. App. 3d 1046.

The evidence shows that Mar-K-Z Leasing Co., Inc., an Illinois corporation, located in Freeport, acquired a new 1969 Buick, and leased it for a period of 2 years to one Donald Wenck. The certificate of title issued by the Secretary of State showed that Mar-K-Z was the owner, that the automobile was a "lease unit," and that plaintiff held a lien on the automobile in the amount of $6256. As additional security for the loan Mar-K-Z assigned to plaintiff all of its right, title and interest in the lease. The record does not reflect when or in what manner Mar-K-Z terminated the lease with Wenck and acquired possession of the automobile, but on March 20, 1970, defendant purchased the automobile from Mar-K-Z, traded in a 1966 Buick, and financed the balance of the purchase price with the Pearl City Bank. Mar-K-Z made payments to plaintiff up to March 1970 and thereafter the loan was in default.

Defendant testified that from 1940 to 1970 he had purchased approximately 10 automobiles from Mar-K-Z. At the time of the purchase on March 20, 1970, he received from Mar-K-Z a receipt for $4 to cover "license and title transfer 66 Buick to 69 Buick." Several weeks after he had financed the purchase with the Pearl City Bank, someone from the bank called him about the certificate of title. He called Gene Marchesi of Mar-K-Z, who told him that the title would be "transferred to the bank." He heard nothing further and assumed that the bank had the certificate of title, and did not become aware of any problem until he made application for 1971 license plates.

Richard Sauer testified that he had been employed by Mar-K-Z as a salesman, that its business was primarily leasing automobiles, but that Mar-K-Z sold used cars "that were turned off a lease."

The parties are in agreement that article 9 of the

Uniform Commercial Code (Ill. Rev. Stat. 1969, ch. 26, par. 9—101 *et seq.*) governs this transaction, and defendant does not dispute that plaintiff's lien was perfected in the manner prescribed by section 3—202 of the Vehicle Law of 1957 (Ill. Rev. Stat. 1969, ch. 95½, par. 3—202, p. 984), which under the provisions of both the Uniform Commercial Code (ch. 26, par. 9—302(4)) and the Vehicle Law (ch. 95½, par. 3—207, p. 985) provided the exclusive method of perfecting a lien on an automobile on which a certificate of title had been issued.

Article 9 of the Uniform Commercial Code provided that "A buyer in ordinary course of business *** takes free of a security interest created by his seller even though the security interest is perfected and even though the buyer knows of its existence" (par. 9—307(1)), and article 1 of the Code defined a "buyer in ordinary course of business" as a "person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind ***." Par. 1—201(9).

Plaintiff contends that its lien was perfected in accordance with the provisions of the Vehicle Law and therefore meets the requirements of the Uniform Commercial Code, that Mar-K-Z was in the business of leasing automobiles, not selling them, and therefore was not "a person in the business of selling goods of that kind," that the evidence shows that defendant was not a buyer in the ordinary course of business and that the judgment, if affirmed, will, in contravention of the controlling statutes, deprive it of its perfected security interest.

Defendant contends that the evidence supports the trial court's findings that he was a buyer in the ordinary course of business, and that Mar-K-Z was in the business of selling automobiles; that under the provisions of section 9—307(1) of the Uniform Commercial Code he took the automobile free of plaintiff's security interest, and that the

.judgment should be affirmed. He argues further that the appellate court erred in reversing that portion of the circuit court's judgment which ordered plaintiff to pay a fee to his attorney.

We agree with the appellate court that whether defendant was a "buyer in ordinary course of business" was a question of fact for the trial court and its conclusion is supported by the evidence. We hold further that on this record whether Mar-K-Z was a "person in the business of selling goods of that kind" was also a question of fact for the trial court and that its finding is not against the manifest weight of the evidence.

We consider next defendant's contention with respect to the attorney's fee and agree with the appellate court that, in the absence of a statutory or valid contractual provision, the circuit court erred in ordering the payment of a fee to defendant's attorney. The replevin bond is not included in the record however, and in the absence of knowledge of its terms we express no opinion whether attorney fees may be recoverable thereunder as damages.

For the reasons set forth the judgment of the appellate court is affirmed.

*Judgment affirmed.*