CENTRAL TELEPHONE COMPANY OF ILLINOIS, Plaintiff-Appellee, *v.* AMEDIO RITACCA & SONS, INC., Defendant-Appellant.

(No. 73-89;

Second District—October 17, 1974.

Wisch & Dyer, Ltd., of Chicago (Dinah B. Dyer, of counsel), for appellant.

Hall, Meyer, Fisher, Holmberg, Snook & May, of Waukegan (Michael L. Roach, of counsel), for appellee.

Mr. JUSTICE HOFFMAN delivered the opinion of the court:

This is an action based upon an allegation of damages to plaintiff's underground cables caused by defendant, a sewer contractor.

The complaint was filed in three counts, alleging three separate instances of damage. Defendant filed its appearance, denying the allegations of each count.

The cause was originally set for trial on August 11, 1972, but continued, upon request of the defendant's attorney, to 9:30 A.M., August 29, 1972. On August 29, at 9:30 A.M., the judgment order, later entered, shows that the cause was continued to 1:30 P.M. on said date, due to the failure of the defendant to appear in person or by counsel. At 1:30 P.M., the defendant still not appearing in person or by counsel, the court allowed plaintiff to prove up each count and entered judgment for plaintiff on each count in the sum established by the proofs.

On September 28, 1972, defendant filed a motion to vacate the judgments. The motion contained a verified statement of defendant's attorney "that defendant's counsel in fact left his office enroute to this Court for the purpose of defending this cause but was detained due to car trouble and missed the setting." Each side was given leave to file affidavits.

The defendant filed affidavits by its job superintendent claiming a defense to Counts II and III based upon the plaintiff's incorrect location of the cable subsequently damaged.

The plaintiff filed the following:

(1) Affidavits by three of plaintiff's employees describing the preciseness of the cable locations and alleging that the cables were struck due to defendant's lack of care, etc.

(2) An affidavit by the plaintiff's trial attorney stating that defendant's attorney called him late on August 28 stating he did not wish to try the case the next day, that when plaintiff's attorney arrived for trial on August 29, he was advised by the bailiff that defendant's attorney had called and said he would be one hour late, and that at 11:50 A.M. defendant's attorney called plaintiff's attorney and stated he would not appear for trial at the re-set hour of 1:30 P.M.

On January 19, 1973, the court denied defendant's motion to vacate in a signed order which specifically found that defendant's counsel "wil-

fully and maliciously failed to appear for trial on August 29, 1972." The order indicated that it was based upon the court's consideration of the various affidavits above referred to. From this order this appeal followed.

The argument of the defendant is based upon the general rule that courts are liberal in setting aside default judgments if justice will be furthered thereby. This broad general statement has been enunciated frequently by our courts. See *Mason v. McNamara*, 57 Ill. 274; *Widicus v. Southwestern Electric Cooperative, Inc.*, 26 Ill.App.2d 102; *Schwartz v. Moats*, 3 Ill.App.3d 596.

■■ The application of this rule, however, rests upon the sound discretion of the trial judge. (*Mason v. McNamara, supra; Widicus v. Southwestern Electric Cooperative, Inc., supra; Coleman v. Toohey*, 48 Ill. App.2d 75.) And, as noted in *Coleman*, the courts are becoming less liberal in setting aside defaults which are entered at the trial stage. Moreover, in the case upon which appellants rely, *Widicus*, the reviewing court stated that a defendant, who fails to act with reasonable excuse does not have a right to insist that he be allowed to defend, and the court clearly indicated that where the record shows that the defendant treats the court's command and plaintiff's claims with indifference, a default order might promote justice.

So we turn to the question of the instant judge's discretionary act.

■■ It is quite obvious that the trial judge here was confronted with an attorney who repeatedly refused to appear for trial and who sought out delay. Apart from the question of whether, in fact, the car of the defendant's attorney had trouble, it is noted that the sworn statement of plaintiff's attorney that defendant's attorney called at 11:50 A.M. and stated he would not appear for trial at 1:30 P.M. has gone unanswered. This can well constitute a deliberate and contumacious disregard and disobedience to a court's necessary authority and it is sufficient, standing by itself, to justify the discretion here exercised.

Defendant, citing *Adams v. Grace*, 128 Ill.App.2d 69, argues that these acts of defendant's counsel, although imputable to his client, shouldn't be visited upon the client here, for such casts a drastic and vicarious punishment on an unsuspecting litigant. This argument is completely supposititious. There is no basis in the record to justify any conclusion that the defendant was an unsuspecting client. There is nothing in the record to indicate the client was misadvised as to the trial date. On the day scheduled for trial, none of defendant's witnesses appeared for trial. Clearly defendant's counsel never contemplated that he or his clients would respond to the call.

■■ Courts cannot operate in the manner solicited here. There is no showing anywhere that defendant's attorney ever personally appeared

before the court in this matter. A different attorney even presented the motion to vacate. What activity was indulged in by defendant's counsel was conducted by telephone. When the trial stage is reached, courts cannot permit such procedures. In this case the trial judge justifiably decided that the defendant treated the court's command and plaintiff's claim with indifference and the defendant must bear the burden. To shift it to the plaintiff would have been unfair.

The order and judgments appealed from are affirmed.

G. MORAN and CARTER, JJ., concur.