Hub Airlines, Inc., Plaintiff-Appellee, v. Gene Bouska, Defendant-Appellant.

(No. 60839; ▉▉▉▉▉▉▉▉▉▉

First District (4th Division)—May 28, 1975.

John C. Brezina, of Chicago (Marvin A. Miller, of counsel), for appellant.

Benjamin and Shapiro, of Chicago (Steven B. Trachtman, of counsel), for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal by the defendant-counterplaintiff, Gene Bouska, from an order of the Circuit Court of Cook County vacating a default

judgment entered by the court sitting without a jury, against the plaintiff-counterdefendant, Hub Airlines, Inc., a corporation.

The issue presented for review is whether the trial court abused its discretion in vacating the default judgment and failing to grant a motion to reinstate the judgment.

On October 11, 1972, the plaintiff, Hub Airlines, Inc., filed a complaint for damages when the defendant refused to pay the balance of $1,724.10 on a total bill of $6,124.19 incurred when the defendant took his airplane to the plaintiff for service and inspection. On November 13, 1972, the defendant filed an answer denying the plaintiff's right to recovery and also filed a counterclaim for damages, asserting plaintiff's breach of contract and attendant consequential damages. No answer was ever filed by the plaintiff to the counterclaim.

During March of 1971, the defendant delivered his Bonanza aircraft to the plaintiff for repairs and an annual inspection as required by Federal regulations. The plaintiff serviced the aircraft and returned it to the defendant approximately 7 months later. The defendant alleged that immediately thereafter on a flight to the Bahama Islands, he noticed certain defects in plaintiff's workmanship which made flight dangerous. He had the aircraft repaired in the Bahamas and then returned it to the plaintiff on several occasions to have the problems corrected.

The trial was originally set for March 14, 1973, and on that date a continuance was granted to the plaintiff until July 26, 1973. On that day the defendant appeared with witnesses and counsel, and when plaintiff failed to appear, testimony was given establishing the counterclaim. Before judgment was rendered on the counterclaim, counsel for the plaintiff appeared and was granted another continuance. The court also ordered the plaintiff to pay $50 witness fees, granted the defendant 12 days to file an amended counterclaim, and granted the plaintiff 20 days to answer the amended counterclaim.

The defendant filed his amended counterclaim on August 8, 1973, alleging damages of $4590, but when the cause came to trial again on September 14, 1973, the plaintiff had not paid the witness fees and had not filed an answer to the amended complaint.

The plaintiff was again granted another continuance until May 29, 1974, and on that day neither plaintiff nor its counsel were present. After waiting for a period of time for an appearance on behalf of plaintiff, the complaint was dismissed and the court heard evidence establishing defendant's counterclaim. Judgment was entered on behalf of the defendant-counterplaintiff in the amount of $4590.

On June 21, 1974, defendant's counsel appeared in response to plaintiff's motion to vacate the judgment, and when the plaintiff failed to

appear the motion was stricken. Plaintiff filed a second motion to vacate on June 27, 1974, and the matter was continued until July 8, 1974. On July 8, 1974, the plaintiff filed a motion to vacate the judgment and the court sustained the motion. On July 15, 1974, the court denied a motion by the defendant to vacate the order of July 8, 1974.

The defendant argues the trial court abused its discretion by vacating the judgment order and by denying the subsequent motion to reinstate the judgment. Section 50 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, § 50) provides in part as follows:

"The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable."

When the motion to vacate is filed within 30 days of the judgment, the rule has been interpreted in a liberal manner and requires a trial on the merits except in extreme circumstances. In the case of *Widicus v. Southwestern Electric Cooperative, Inc.* (1960), 26 Ill.App.2d 102, 109, the court stated:

"In our judgment, a default should only be condoned when, as a last resort, it is necessary to give the plaintiff his just demand. It should be set aside when it will not cause a hardship upon the plaintiff to go to trial on the merits."

Also, see *Lynch v. Illinois Hospital Services, Inc.* (1963), 38 Ill.App.2d 470, and *Adams v. Grace* (1970), 128 Ill.App.2d 69.

We believe the facts of the instant case show a pattern of deliberate delay and a disregard for the orders of the court which has resulted in substantial hardship to the defendant. An affidavit filed in the Circuit Court of Cook County on July 8, 1974, by the attorney for the defendant indicates the plaintiff had filed for bankruptcy in the Federal Court for the Northern District of Indiana on May 14, 1973. The attached exhibit indicates the Federal court was not advised of the pendency of this lawsuit, and the defendant asserts the trial court in the instant matter was not advised of the pendency of the bankruptcy proceedings. The affidavit also indicates the plaintiff was adjudicated insolvent in November of 1973, and the case remained open only to distribute the assets.

Although the plaintiff states the trial court was informed of the Federal proceedings on July 26, 1973, the fact that the court made repeated attempts to hear the case on the merits strongly supports the view that the plaintiff did not inform the court.

The record shows the plaintiff failed to file an answer to the counterclaim as required by Supreme Court Rule 182 (Ill. Rev. Stat. 1973, ch. 110A, § 182), failed to comply with the order of July 26, 1973, failed to

568

appear for trial on numerous occasions, failed to inform the trial court of the Federal proceedings, and failed to inform the Federal court of these proceedings. All these facts together indicate a pattern of delay which constitutes a deliberate and contumacious disregard for the authority of the court which is sufficient, standing by itself, to justify a default judgment. *Central Telephone Co. v. Amedio Ritacca & Sons, Inc.* (1974), 23 Ill.App.3d 171.

We hold that it was an abuse of discretion to vacate the default judgment. It appears that the plaintiff was attempting to delay a trial on the merits until such time as a possible judgment on the counterclaim would become meaningless, and we believe the ends of justice would be served by reinstating the default judgment so that the defendant will no longer be prejudiced by the plaintiff's delay.

For these reasons the judgment of the Circuit Court of Cook County is reversed.

Reversed.

BURMAN and JOHNSON, JJ., concur.