ROBERT K. DILS, Plaintiff-Appellee, v. THE CITY OF CHICAGO, Defendant-Appellant.

First District (1st Division)  No. 76-295

Opinion filed June 26, 1978.

476

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Robert Retke, Assistant Corporation Counsel, of counsel), for appellant.

James P. Chapman and Nat P. Ozmon, both of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This action was brought by the defendant city of Chicago pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72) seeking relief from a judgment for $246,524 plus costs entered against the defendant in a personal injury action. After a hearing, the trial court ordered that the petition be denied and from that order the defendant now appeals.

The defendant presents the following issues for review: (1) whether the court could enter a default judgment against defendant where defendant's answer was on file and no proof of liability was submitted; (2) whether failure to amend the *ad damnum* clause of $50,000 after entry of a default judgment or failure to give notice to defendant of any increase in the *ad damnum* voids the judgment; (3) whether the two-year limitation of section 72 is applicable to void judgments; (4) whether concealment of the judgment for a period in excess of two years requires that the two-year time limitation usually applicable to section 72 petitions not be applied; and (5) whether the appeal should be dismissed for failure of the record originally to include a report of proceedings.

We affirm in part, reverse in part, and remand with directions.

The pertinent facts giving rise to the instant appeal are essentially without dispute. On February 18, 1969, plaintiff filed his complaint alleging that on August 22, 1968, he sustained personal injuries due to an accident at a construction site caused by violations of the Structural Work Act. (Ill. Rev. Stat. 1969, ch. 48, pars. 60-69.) The complaint further alleged that the city of Chicago (hereinafter referred to as city), a municipal corporation, was in charge of the repair work and demanded judgment against the city in the amount of $50,000. On March 28, 1969, the city filed its appearance and answer denying that the city was in charge of the work or responsible for plaintiff's injuries. Several months later and pursuant to leave of court, the city filed a third-party complaint against Kenny Construction Co. and S. A. Healy Co., a joint venture, alleging that

the third-party defendant had entered into a contract with the city to do certain work at the site of the alleged accident and had executed a performance bond to save harmless the city against all liabilities and damages arising as a result of the contract.

Following the filing of the above pleadings is a regretable litany of failures on the part of the city to answer interrogatories, to participate in court conferences, and ultimately, to appear to defend the cause of action alleged against it. Even the city's own brief characterizes its conduct as "serious lapses in the defense of the case which * * * would have justified the imposition of substantial sanctions against the defendant." Among these failures were eight occasions from February 10, 1972, to September 14, 1972, when the case was set for conference or trial before the trial court judge. On each of these occasions either no one appeared for the defendant or the attorney who did appear for the defendant was not prepared to discuss or try the case. On September 28, 1972, the case was again called for trial. When counsel for the city failed to appear on this date, the trial court judge telephoned the city and informed it that the cause would be continued until the following day. Upon the city's failure to appear on September 29, the trial court entered a default judgment against the city on the question of liability and ordered that the cause be continued to October 2, 1972 for a hearing on damages. Plaintiff's attorney sent a handwritten note to the city's counsel stating that the trial court had "defaulted [the defendant] and [had] ordered [the plaintiff] to proceed on October 2, at 9:30 a.m. on damages." On October 2, 1972, the city again failed to appear and the trial court pursuant to plaintiff's motion, continued the case to October 18, 1972, for a hearing on damages only. When the city failed to appear on October 18, the trial court directed the plaintiff to proceed. The only witness to testify at this *ex parte* hearing was the plaintiff himself. At the conclusion of this testimony, counsel for the plaintiff requested an award of $350,000. That same day the trial court entered an order which assessed damages in the amount of $246,524, almost five times the *ad damnum* in the complaint. The order, in relevant part, provided:

> "[T]he Court now having heard the evidence on the issues of liability and on the issues of damages, and having considered and weighed the same, finds in favor of the Plaintiff, Robert K. Dils, and against the City of Chicago, a Municipal Corporation, and assesses the Plaintiff's damages in the sum of Two Hundred Forty-Six Thousand Five Hundred Twenty-Four And No/100 ($246,524.00) Dollars; * * *."

The above judgment was reported in the Chicago Daily Law Bulletin the following day. However, no notice of the judgment was served on the city and the plaintiff first requested payment of the judgment on April

22, 1975, approximately 30 months after the judgment was entered.

On May 12, 1975 the defendant filed a petition for relief pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72). The petition recited the history of the case and alleged that the defendant had no notice of the hearing set for September 29, had not been served with copies of the orders entered September 29, 1972, and October 2, 1972, and that the defendant had not been served with the judgment of October 18, 1972, until April 22, 1975. The petition contended that the failure to present the judgment for a period of two years and five months from its entry showed a fraudulent concealment of the judgment. The section 72 petition further alleged that the city had a meritorious defense to the action, namely, that the city was not in charge of the project during which plaintiff's injury occurred. This was the same defense set forth in defendant's answer to the complaint. Pursuant to leave of court, the petition was later amended to include the allegations that the defendant had not been notified of any amendment of the *ad damnum* clause of plaintiff's complaint from its original demand for $50,000 contrary to section 34 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 34) and Supreme Court Rule 105 (Ill. Rev. Stat. 1975, ch. 110A, par. 105).

In response to defendant's petition, plaintiff filed an answer denying the essential allegations thereof and accompanied by affidavits of plaintiff and plaintiff's counsel. The contents of these affidavits are considered later in this opinion where relevant.

■■ We first consider defendant's contention that the plaintiff fraudulently concealed the judgment and that as a result of that fraudulent concealment the two year limitation period usually applicable to a petition filed pursuant to section 72 of the Civil Practice Act does not apply. It is well settled that a petition filed under section 72 of the Civil Practice Act must be filed within two years of the judgment unless the time period is tolled due to a legal disability, duress, or fraudulent concealment of the grounds for relief. (Ill. Rev. Stat. 1975, ch. 110, par. 72(3).) However, fraudulent concealment consists of affirmative acts or misrepresentations intended to exclude suspicion or prevent injury. (*Nogle v. Nogle* (1964), 53 Ill. App. 2d 457, 202 N.E.2d 683.) Mere silence or a failure to disclose a judgment until the two-year limitation period provided in section 72(3) has run, is not sufficient to constitute fraudulent concealment. (*Mathews v. Atlas Liquors, Inc.* (1971), 132 Ill. App. 2d 608, 270 N.E.2d 453.) Nowhere in the instant section 72 petition or proof presented at the hearing thereon does defendant show any trick, contrivance, or any affirmative act on plaintiff's part which would tend to establish fraudulent concealment. In essence, defendant has proven nothing more than plaintiff's failure to disclose the judgment until the two-

year limitation period has run. Such conduct does not constitute fraudulent concealment.

■■ Defendant also argues that the instant judgment is a default judgment and was improperly entered because defendant's answer was on file and no proof of liability was presented. In order to resolve this issue we must first determine whether the judgment as to liability was indeed a default judgment. Noting that the record contains no report of proceedings concerning the hearing of October 18 and relying on the recitation in the October 18 order that the court heard "the evidence on the issues of liability and on the issues of damages," plaintiff argues that the judgment entered against the city was not a default judgment. It is well established that in the absence of a report of proceedings, it is presumed that the trial court heard adequate evidence to support the decision rendered unless there is a contrary indication in the order or in the record. (*Skaggs v. Junis* (1963), 28 Ill. 2d 199, 190 N.E.2d 731.) The city maintains that the instant record contains significant evidence contradicting the recitation in the order that evidence was heard on the issue of liability. We agree. The court's order of September 29, 1972, a handwritten note drafted the same day by plaintiff's counsel and sent to the city's counsel, and plaintiff's counsel's affidavit in the section 72 proceeding all reflect that a default judgment was entered on September 29, 1972, and that the cause was to proceed to trial on the issue of damages only. Similarly, plaintiff's answer to the section 72 petition admits that a judgment of default was entered against the city on September 29, 1972, and plaintiff's motion of October 2, 1972 requested a continuance to October 18, 1972, for a trial on the issue of damages only. In addition to the above, we note that the order of September 29, 1972, defaulting the city was never vacated. Considering all of the above evidence of record, we conclude that the judgment against the city on the issue of liability was indeed a default judgment.

We next consider the city's argument that the default judgment was improperly entered because the city had an answer denying liability on file. Our research discloses that it is error to enter a judgment of default against a defendant who has answered denying liability. (*Wells v. Mathews* (1896), 70 Ill. App. 504; *Apperson v. Gogin* (1878), 3 Ill. App. 48.) In such a situation the defendant is entitled to have the factual issues thus joined decided by a trier of fact. (*Harris v. Juenger* (1937), 367 Ill. 478, 11 N.E.2d 929; *Koenig v. Nardello* (1968), 99 Ill. App. 2d 480, 241 N.E.2d 567; *Hawthorne Paper Sales Co. v. Kolf* (1963), 41 Ill. App. 2d 346, 190 N.E.2d 604; *Dorn v. Briggs* (1903), 106 Ill. App. 79.) In support of the proposition that a default judgment was proper even though defendant had an answer on file denying liability, plaintiff cites *Central Telephone*

*Co. v. Amedio Ritacca & Sons, Inc.* (1974), 23 Ill. App. 3d 171, 318 N.E.2d 515, and *Coleman v. Toohey* (1964), 48 Ill. App. 2d 75, 198 N.E.2d 580. It is clear, however, that judgments of default were not entered in either of the above two cases. In both of these cases the trial court, upon defendants' failure to appear for trial, conducted *ex parte* trials and heard evidence of liability. Such a procedure would have been a proper procedure in the instant case.

■■ The defendant next emphasizes that the city's section 72 petition was filed over two years after the judgment was entered. We further note that the record reflects a total lack of due diligence on the city's part. The city, however, argues that the default judgment entered against the city which had an answer on file is void. If that judgment is void the city need not show due diligence in the section 72 petition (*Oak Park National Bank v. Peoples Gas Light & Coke Co.* (1964), 46 Ill. App. 2d 385, 197 N.E.2d 73), and may attack that judgment at any time. (*Irving v. Rodriquez* (1960), 27 Ill. App. 2d 75, 169 N.E.2d 145.) There is scant authority in Illinois concerning whether a default judgment entered against a defendant having an answer on file is void or merely voidable. There is also a conflict in cases from other jurisdictions. Certain cases hold that when a defendant has filed an answer, it is beyond the power of the court to enter a default judgment against the defendant and that such a judgment is void. (See *Wilson v. Goldman* (1969), 274 Cal. App. 2d 573, 79 Cal. Rptr. 309, and cases cited therein; Annot., 158 A.L.R. 1091, 1105-06 (1945).) Other cases hold that under such circumstances the order of default is not void but merely voidable due to the fact that the court had both jurisdiction of the person and the subject matter. See *Adams & McGahey v. Neill* (1954), 58 N.M. 782, 276 P.2d 913, and cases cited therein. We believe the better rule is that the judgment is voidable. It is well settled in Illinois that judgments procured through fraud or duress, against one under a legal disability or without jurisdiction of the person or of the subject matter are void. (*Marin v. Grimm* (1976), 37 Ill. App. 3d 979, 347 N.E.2d 418; *Lebanon Trust & Savings Bank v. Ray* (1973), 10 Ill. App. 3d 345, 293 N.E.2d 623; *Wienhoeber v. Wienhoeber* (1964), 53 Ill. App. 2d 387, 202 N.E.2d 864 (abstract).) In addition, a court in entering a particular judgment may exceed its authority and thus render that judgment void. (*Klaisner v. Klaisner* (1975), 28 Ill. App. 3d 110, 328 N.E.2d 341.) In the instant case none of the above disabilities are present. The trial court had both jurisdiction of the person and the subject matter and, in entering a default judgment against the city even though the city had an answer on file denying liability, the trial court did not exceed its authority. (See Supreme Court Rule 219 (Ill. Rev. Stat. 1977, ch. 110A, par. 219(c)(v)).) We conclude that, although the trial court erred in entering a default judgment against the city when the city had an answer

on file denying liability, we do not believe that such error rendered the judgment void.

■■ Defendant also complains that the trial court improperly entered an award of $246,524, almost five times the amount of the *ad damnum*. Generally, an award in excess of the prayer for relief is proper. (*Johnston v. Basic* (1973), 16 Ill. App. 3d 453, 306 N.E.2d 610.) However, section 34 of the Civil Practice Act[1] (Ill. Rev. Stat. 1975, ch. 110, par. 34) provides in part:

> "Every complaint and counterclaim shall contain specific prayers for the relief to which the pleader deems himself entitled. * * * Except in case of default, the prayer for relief does not limit the relief obtainable, but where other relief is sought the court shall, by proper orders, and upon terms that may be just, protect the adverse party against prejudice by reason of surprise. * * *"

Thus, with the exception of default judgments and cases involving prejudice to the adverse party by reason of surprise, the prayer for relief will not limit the relief obtainable. (*American National Bank & Trust Co. v. Mar-K-Z Motors & Leasing Co.* (1973), 11 Ill. App. 3d 1046, 298 N.E.2d 209, *aff'd* (1974), 57 Ill. 2d 29, 309 N.E.2d 567; *City of Chicago v. Nielsen* (1976), 38 Ill. App. 3d 941, 349 N.E.2d 532.) In accord with section 34, we conclude that the instant judgment, a default judgment, is limited by the $50,000 *ad damnum*.

■■ We further believe that the judgment, almost five times the amount

---

[1] Subsequent to the trial court's decision in the instant case and effective September 19, 1976, section 34 of the Civil Practice Act was amended and the following provisions, in relevant part, were added:

> "* * * Every complaint and counterclaim shall contain specific prayers for relief except that in actions for injury to the person, no ad damnum may be pleaded except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed. * * * In actions for injury to the person, any complaint filed which contains an ad damnum, except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed, shall be dismissed without prejudice forthwith upon motion of a defendant or upon the court's own motion. * * *" Ill. Rev. Stat. 1977, ch. 110, par. 34.

We believe that this amendment is inapplicable to the instant case. Amendments relating only to remedies or forms of procedure may be given retrospective application. (*Edenburn v. Riggins* (1973), 13 Ill. App. 3d 830, 301 N.E.2d 132.) However, the operation of a procedural rule can destroy a substantive right and in such a case the amendment is not applied retrospectively. (*People v. Theo* (1971), 133 Ill. App. 2d 684, 273 N.E.2d 498.) In the instant case, an action for injury to the person, both parties' substantive rights would be affected by the amendment. Plaintiff's complaint did contain an ad damnum and under the amendment would have been dismissed. Under case law existing prior to the amendment, defendant could have properly assumed that the relief granted on a default judgment would not exceed or substantially differ from that requested in the complaint. (*Park Avenue Lumber & Supply Co. v. Nils A. Hofverberg, Inc.* (1966), 76 Ill. App. 2d 334, 222 N.E.2d 49.) Thus, we believe that applying the amendment to the instant case would substantially impair a substantive right of both parties and we thus conclude that the amendment to rule 34 should not be applied to the instant case.

of the *ad damnum,* caused prejudice to the defendant by reason of surprise. Case law indicates that a party has a right to assume that the relief granted on a default will not exceed or substantially differ from that described in the complaint. (*Park Avenue Lumber & Supply Co. v. Nils A. Hofverberg, Inc.* (1966), 76 Ill. App. 2d 334, 222 N.E.2d 49.) Prior to the October 18 hearing, the defendant had notice that a default judgment was entered and that a further hearing would be held on damages only. The defendant was never notified of any increase in the *ad damnum.* In fact, the record denotes that the *ad damnum* has never been amended beyond the original $50,000. Accordingly, since the record reflects that the city was aware that a default judgment had been entered, it had a right to assume that $50,000, the amount of the *ad damnum,* was the maximum amount recoverable. Never having been notified of any increase in the *ad damnum,* the city was clearly prejudiced by reason of surprise when an amount of approximately $250,000 was awarded plaintiff.

■■ Moreover, cases have uniformly held that in cases of default the trial court in granting an award in excess of the *ad damnum* exceeds its authority and that that portion of the decree in excess of the *ad damnum* is void. (See *Klaisner v. Klaisner* (1975), 28 Ill. App. 3d 110, 328 N.E.2d 341; *Sweglo v. Mikolon* (1941), 310 Ill. App. 541, 34 N.E.2d 848; *Western Smelting & Refining Co. v. Benj. Harris & Co.* (1939), 302 Ill. App. 535, 24 N.E.2d 255; *Kryl v. Zelezny* (Abst. 1937), 290 Ill. App. 599, 8 N.E.2d 223.) In accord with these cases, we hold that the trial court exceeded its authority in granting an award in excess of the *ad damnum* without notice to the defendant. We further hold that that portion of the award in excess of the *ad damnum* void and remand the cause with directions to the trial court to reduce the award to $50,000, the amount of the *ad damnum.*

Judgment affirmed in part, reversed in part; cause is remanded with directions.

GOLDBERG, P. J., and O'CONNOR, J., concur.